George E. Hoare, Plaintiff in Error, *v.* Addison S. Harris, Guardian, &c., Defendant in Error.

### ERROR TO JASPER.

Where a guardian removes a case from the county to the circuit court by *certiorari*, the condition of the bond given, should be as broad as the statute; but a general motion to dismiss does not reach a defect in the bond, but only the general right of the guardian to pursue such remedy; the objection should be specially taken, so that the guardian may amend the bond.

Where a petition of a guardian for a writ of *certiorari*, states that he was taken sick shortly after the service of process upon him and continued unable to transact business, and that as soon as he was able to attend to business, and within twenty days after judgment, he demanded an appeal, which was refused and that the judgment was not upon a valid claim against the estate : —

*Held*, that such a petition entitled the guardian to the writ.

The opinion contains a sufficient statement of the case. The petition was heard before Harlan, Judge, at October term, 1852, of the Jasper Circuit Court.

George E. Hoare, in person.

C. H. Constable, for defendant in error.

Treat, C. J. Hoare instituted a proceeding before the county judge, to recover a demand alleged to be due him from the estate of Harris. Process was issued against and served upon the guardian of the heirs at law of Harris; and judgment was finally entered in favor of Hoare, and against the estate for $83 and costs. After the time for taking an appeal had expired, the guardian removed the case into the circuit court

by *certiorari*. He executed a bond conditioned to pay the judgment and costs, "in case the said judgment of the said judge of the county court shall be affirmed on the trial of the said cause in the said circuit court." The record states, that "the plaintiff moved the court to dismiss the writ of *certiorari* filed herein, which motion is overruled by the court." The court then heard the cause, and reversed the judgment of the county judge.

The condition of the bond was not as broad as the statute required. It should have provided for the payment of whatever judgment the circuit court might render upon the dismissal or trial of the appeal. But the general motion to dismiss the *certiorari* did not reach this defect in the obligation. The bond was amendable as a matter of right, and if an objection had been made to it, the defect would no doubt have been instantly supplied. If the plaintiff was not content with the bond, he should have pointed out his objection, and thus have given the guardian an opportunity to obviate it by amendment. The motion to dismiss must be understood as only raising the question of the right of the guardian to the remedy by *certiorari*.

The petition on which the *certiorari* was allowed, set forth in substance, that the judgment was unjust and erroneous, because the estate was not indebted to the plaintiff in any amount whatever; that the petitioner was taken sick shortly after the service of process upon him, and continued unable to transact business until after the cause was tried; that as soon as he was able to attend to business, and within twenty days from the trial, he ascertained for the first time that judgment was rendered, and thereupon demanded an appeal to the circuit court, but he was denied an appeal on the ground that it should have been taken on the day of trial. It is apparent from the petition, that the judgment was unjust, and that it was not the result of negligence on the part of the guardian; in other words, that the plaintiff had no valid claim against the estate, and the guardian was prevented by illness from appearing and defending the action. The only remaining question is, Did he make use of proper diligence to procure an appeal? On this point, he states, that as soon as he was informed of the result of the trial, and was able to attend to business, he demanded an appeal, but his application was denied, because it should have been made when the judgment was rendered. In our opinion, he showed the exercise of due diligence under the circumstances. Having applied for an appeal at the earliest practicable moment, and within the time prescribed by law, and the application having been denied by the officer who

entered the judgment, and whose duty it was to allow an appeal from it, the guardian was entitled to remove the case to the circuit court by the writ of *certiorari.*

As no bill of exceptions was taken to the judgment of the circuit court, no question arises as to its correctness. The presumption is, that the evidence authorized the judgment.

The judgment must be affirmed.

*Judgment affirmed.*