BORLAND *v.* THE MISSISSIPPI & MISSOURI RAILROAD COM-
PANY.

Where a party appeals to the district court, from the assessment of dama-
ges of a jury appointed by the sheriff, under the act entitled "An act
granting to railroad companies the right of way," approved January 18,
1853, he is in court, for all substantial purposes ; and if he does not ap-
pear and urge his right to a new assessment, and the verdict of the jury

Borland v. The Mississippi & Missouri Railroad Company.

is affirmed, he cannot object to the proceedings in the appellate court on the ground of a want of notice.

In such cases, the appeal brings the cause to the district court upon its merits, and it becomes immaterial whether the appellant had notice.

*Appeal from the Johnson District Court.*

FRIDAY, APRIL 8.

The petitioners applied for an assessment of damages, in consequence of the railway of the defendant's running over their land. The proceeding was under the act of January 18, 1853. Acts of 1853, 58. The sheriff sets out his proceedings in the appointment of a jury, the swearing them, their report, &c., and says nothing concerning having notified the defendants, and it is not shown that they appeared. The commissioners reported a sum as the amount of damages to be paid by the company, and they appealed according to the provisions of section four of the act. The district court affirmed the verdict and judgment of the commissioners, and the defendants appeal to this court.

*Cook, Dillon & Lindley,* for the appellants.

*Clark & Bro.* and *W. Penn. Clarke,* for the appellee.

WOODWARD, J.—Upon the appeal to the district court, the defendants were entitled to a re-hearing upon the question of damages, and they might have caused them to be re-assessed by a jury of twelve men. By their appeal, they were in court for all substantial purposes ; and if they did not appear and urge their right to a new assessment, they could not afterward object the want of notice. The appeal took the cause up on its merits ; and it enabled them, in effect, to set right the consequences of any wrong doing, · or partiality of the commissioners, or the sheriff. It became immaterial, whether they had notice.

This is the view heretofore taken upon this question, where an appeal has been resorted to, and it follows that the appellant cannot object the want of notice. This view also supercedes the question made by the plaintiff, whether the notice need to appear in the record, or whether it may be shown otherwise, upon the defendant objecting the want of it. There is no doubt but that either party is entitled to notice of the calling upon the commissioners to act, but we need not stop to determine these other questions connected with it, since, in the present case, the appeal placed the defendant in the same position he would have been in, if he had been served.

The judgment is affirmed.