THE MISSISSIPPI AND MISSOURI RAILROAD COMPANY *v.* ROSSEAU.

Upon an appeal from an assessment of damages by a sheriff's jury, under the act entitled, "An act granting to railroad companies the right of way," approved January 18, 1853, the cause is to be heard upon its merits, and not upon exceptions taken to the action of the sheriff or jury, or to the competency of either of them, to act in the premises.

In such cases, the appeal is from the assessment of the jury, and in the district court the inquiry is, whether the owner shall be adjudged, or is entitled to, a greater amount of damages than was awarded him by the sheriff's jury.

When the case gets properly into the district court, upon appeal, it is there for trial upon its merits, and for no other purpose ; and it is immaterial whether the sheriff, selecting the jury, was or was not, the agent of the railroad company; or whether the jury had, or had not, expressed opinions adverse to the rights of the owners of the land ; nor can the appellant, upon appeal, review the alleged illegal acts of the officers, and have them corrected.

Upon appeal from an assessment of damages by a sheriff's jury, under the act granting to railroad companies the right of way, approved January 18, 1853, where it appears from the record that the jury were selected and required " to assess the damages done to each and every piece or tract of land in the county, in all cases not agreed upon with the owners of the land "—that the land owner was notified of the day when the assessment would be made—that on the day of the assessment, he gave notice of an appeal, and filed his bond—and that, afterwards, he filed with the sheriff his exceptions to the report of the jury—it is sufficiently shown that the owner of the land had refused to grant the right of way through his premises, and that the sheriff had power to have the damages assessed by a jury.

*Appeal from the Washington District Court.*

FRIDAY, APRIL 22.

IN APRIL, 1857, the sheriff of Washington county, was requested by the M. & M. R. R. Co., to appoint six freeholders of said county, not interested in a like question, to assess the damages done to lands therein, by the location of said road over the same, in accordance with sections 4 and 5 of chapter 31 of the Laws of 1853. These commissioners were selected, and required to meet on the 4th of May, " to assess the damages done to each and every piece or tract of land in the county of Washington, in all cases not agreed upon with the owners of the land." They were duly sworn, and the defendant notified by the company, that on a day named, these commissioners would be upon his lands, (describing them), for the purpose of assessing his damages, at which time and place he could attend, &c. On the day named, the commissioners met, and assessed the damages to several tracts of lands, owned by different persons, including the lands of the defendant. On the same day, defendant gave notice of an appeal to the district court, and afterwards gave bond, with approved security, conditioned to pay any amount legally adjudged against him, in the further prosecution of said cause.

Afterwards, the defendant filed with the sheriff his ex-

ceptions to the report of said commissioners, for the reason that they were not such persons as were by law authorized to make the assessment.

*First and Second.* Because the said jurors were selected by the said company, or by the sheriff, who, at the time, was the agent of said company, in procuring the right of way.

*Third.* The jurors had expressed opinions, prior to the appointment, adverse to the rights and interests of the owners of land over which the road was to pass, and in conflict with the rules of law, as declared by the courts of the state.

*Fourth.* Because said road was not finally located at the time of said assessment.

So much of said exceptions as relate to the agency of said sheriff, was sworn to by the attorney of defendant. The plaintiffs moved to strike said exceptions from the files, because they were improperly there, and not authorized by any law. This motion was overruled, and on defendant's motion, the report or assessment, was set aside, and the proceedings dismissed at the plaintiff's cost.

*E. H. Ludington,* and *Cook, Dillon & Lindley,* for the appellant.

*Patterson & Schofield,* for the appellee.

WRIGHT, C. J.*—The plaintiffs appeal, and assign for error:

*First.* The overruling of their motion to strike from the files the exceptions filed with the sheriff, to the report of the commisssoners.

*Second.* The refusal to continue the cause on their motion, for want of notice of the appeal.

*Third.* The order setting aside the award, and dismissing the cause.

---

*STOCKTON, J., dissenting.

The first and third assignment must be sustained, and we need not, therefore, consider the second.

Chapter 31 of the Laws of 1853, provides, that if the owner of any real estate, on which a railroad corporation may desire to locate their road, shall refuse to grant the right of way through his premises, the sheriff shall, upon the application of either party, appoint six disinterested freeholders of his county, not interested in a like question, unless a smaller number is agreed upon by the parties, whose duty it shall be to inspect said real estate, and assess the damages which the said owner will sustain, by the appropriation of his land for the use of said railroad corporation, and make a report to the sheriff, who shall file and preserve the same. But either party may appeal from such assessment to the district court, within thirty days after the same is made. Such appeal will not delay the prosecution of the work upon the road, if the corporation shall first pay or deposit with the sheriff the amount assessed; and unless the owner shall be adjudged a greater amount of damages upon appeal, than was awarded him by the sheriff's jury, the costs of such appeal are to be paid by such owner. The costs of the first assessment are, in all cases, to be paid by the company. All damages to the owners of real estate in a county, are to be assessed by the freeholders thus appointed, and the corporation may, at any time after their appointment, upon the refusal of any owner to grant the right of way, by giving him five day's notice thereof, in writing, have the damages assessed in the manner above stated.

There can be no doubt, but that it was the intention of the legislature, by this law, to give an appeal to either party, in the ordinary and usual acceptation of that term, and that upon such appeal, the cause was to be heard upon its merits, and not upon exceptions taken to the action of the sheriff or jury, or the competency of either to act in the premises. The appeal, it will be observed, is from the assessment, and in the district court the inquiry is, whether the owner shall be adjudged, or is entitled to, a greater

amount of damages than was awarded him by the sheriff's jury. Nothing is said about an examination into the regularity of the sheriff's proceedings, nor about an inquiry into his competency to select the commissioners. When the case gets properly into the district court, it is there for trial on its merits, and for no other purpose. For this purpose, it is immaterial whether the sheriff selecting the commissioners was, or was not, the agent of the corporation ; or whether the jury had, or had not, expressed opinions adverse to the rights of the owner. In the district court, he is entitled to a trial *de novo*, by a jury properly selected, and impartial. The law gives him, in that tribunal, an opportunity to redress the wrong and injury inflicted by the verdict from which he appeals. If this remedy is not plain, speedy and and adequate, and none other is afforded him, he may by writ of *certiorari*, bring the alleged illegal proceedings for review before the district court, and have the errors of which he complains there corrected. He cannot do this, however, upon appeal, except as a trial or hearing upon the merits, may give to him the damages to which he claims to be entitled.

It is claimed, however, that the sheriff's jury had no right or power to proceed with the assessments, and that the district court had no jurisdiction of the cause. This claim is based upon the position, that there is nothing to show that the owner had refused to grant the right of way through his premises, and that until he did so refuse, the sheriff had no power to have the damages assessed by a jury. The appellee relies upon *Dyckman* v. *The Mayor, &c.*, 1 Selden, 434, and *White* v. *Conover*, 5 Blackf., 462, to sustain this ground. The last case does no more than assert the general rule, that when statutory powers are conferred upon an inferior jurisdiction, and a mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the acts and judgments of the courts are *coram non judice* and void, and may be attacked collaterally. The first case, in its facts, seems to be more like

the one before us.    The defendant claimed the land in dis-
pute, under certain proceedings instituted by the water
commissioners, appointed by virtue of an " act to provide for
supplying the city of New York with pure and wholesome
water."    The title of the plaintiff, irrespective of those
proceedings, was unquestioned.    He claimed, however, that
those proceedings were void, for the reason, among others,
that until there was a disagreement between the water com-
missioners and the owner of the land, as to the amount of
compensation, the vice-chancellor would have no jurisdiction
to entertain an inquiry into the amount of damages, or as to
the value of the lands. The question arose in a collateral pro-
ceeding, and it was held by both of the judges, (Foot and
Gardner), in their opinions, that it did sufficiently appear
that such disagreement had occurred; that such disagree-
ment being stated in the petition of the commissioners, and
sworn to, was all that was necessary, *prima facie*, to give
the vice-chancellor jurisdiction.

Our law does not require that either the company or
owner of the land, shall file a petition, or make a written
complaint to the sheriff, that the owner refuses to give the
right of way, or that the other refuses to give just compen-
sation.    When either party makes the application, it is the
duty of the sheriff to appoint the six freeholders.    This ap-
plication, like all other proceedings of a judicial nature, or
affecting materially important interests, would be better
if in writing.    The form of the application, or what aver-
ments should be made, are not stated or given.    It is true,
beyond doubt, that the law contemplates that the owner·
shall have an opportunity to determine what he will take,
before the determination of that question shall be left to a
jury.    And we think it should sufficiently appear, that he
had refused.    This may appear, however, (when the ques-
tion is made on appeal, for the first time in this court,) in va-
rious ways.    In the New York case, it appeared from the
petition addressed by the commissioners to the vice-chan-
cellor.    In this case, it appears, not from any express aver-

The Mississippi and Missouri Railroad Company v. Rosseau.

ment to that effect, but is abundantly shown throughout the entire proceedings.

From first to last, the records show an adversary proceeding, the contest being over the amount of damages. There is no intimation, throughout the entire record, that plaintiff had not refused to grant the right of way. He is notified that the jury are about to, and will, on a certain day, proceed to assess the damages. The jury make their report, and on the same day, he gives notice of his appeal, and files a bond. Immediately after this, he files his exceptions with the sheriff, every line of which shows he was contesting the rights of the company to take this property, for the compensation awarded by the jury. Not only so, but the freeholders are appointed by the sheriff, (as shown by the precept summoning them), to assess the damages to each tract of land, in all cases not agreed upon with the owners, and defendant's appeal is expressed in his motion, to be from the assessment of damages made and reported, and the company are notified that said matter will be heard at the next (September) term of the district court.

Under these circumstances, we conclude that it does sufficiently appear that defendant had refused to grant the right of way, and that the commissioners assessed the damages as to his land, because he had thus refused. At least, where the defendant has appeared, as in this case, in the court below, and contested the right of the company to take his land, upon the terms named and fixed by the commissioners; where it appears that he has attacked the regularity of those proceedings upon several grounds; and where it is shown that the jury were to assess the damages only in those cases in which there had been a refusal to grant the right of way, we are not prepared to say, that the whole proceedings are upon the ground urged, *coram non judice*, and void.

Judgment reversed.