FAGG v. PARKER, Justice, &c.

1. CERTIORARI: It is no part of the office of a writ of *certiorari* to correct errors in the judgments of judicial tribunals, in cases in which the party asking the writ has lost a plain, speedy and adequate remedy by his own fault, or laches.
2. SAME. The writ does not lie to correct an erroneous judgment against a party when he has neglected to perfect an appeal within the time prescribed by law.

*Appeal from Hardin District Court.*

SATURDAY, OCTOBER 6.

PLAINTIFF was summoned before the defendant Parker, (a justice of the peace) as garnishee at the suit of Eastman against Rutenbur. Judgment was rendered against him February 6th, 1860. On the 7th of May, 1860, this garnishee filed, in the District Court, his petition for a writ of *certiorari* against said justice of the peace to certify up said proceedings, upon the ground that he had no other plain, speedy and adequate remedy afforded by law to correct the errors and injustice of which he complains. The writ was refused and plaintiff appeals.

*Henderson* and *Huff & Thompson* for the appellant, relied upon sections 1873 and 1965, Code of 1851.

*E. W. Eastman* for the appellant.

The justice acted within his jurisdiction and his judgment could be questioned only on appeal. *Voorhies* v. *The Bank of the United States*, 10 Pet. 478; *Thompson* v. *Tolmie*, 2 Ib. 169; there was no usurpation by a denial of the right of appeal. The plaintiff did not bring an appeal within twenty days, and cannot now make his own negligence the basis for a writ of *certiorari.*

WRIGHT, J.—The substance of petitioner's complaint is, that after making his answers as garnishee, he left the justice's, regarding it impossible that he would render judgment against him upon the showing made; that he was taken entirely by surprise when he learned that judgment had been rendered; that he did not learn this until it was too late to appeal or prosecute a writ of error; and that the matters stated in his answer did not warrant or justify such judgment.

It is no part of the office of the writ of *certiorari* to correct every alleged error of judgment in judicial tribunals, which parties claim take them by surprise. Nor again does this writ issue to correct an error, where the party has lost the plain, speedy, and adequate remedy pointed out by law, by his own fault or negligence. When the statute says that this writ may issue for certain purposes, when in the judgment of the court applied to, there is no other plain, speedy and adequate remedy, it was not intended to aid a party who had such a remedy, but has lost it by his own laches, by his own failure to attend to his proper duty.

The language used in *Houston* v. *Wolcott, & Co.* 7 Iowa 173, (which was injunction by a garnishee to restrain the collection of a judgment rendered against him) is applicable here. It is there said that, "The law will not protect a careless, negligent garnishee any more than it will justify carelessness in any other party or suitor. He ought to show that his failure to make defense, was not attributable to his own *omission, neglect or default.*"

There was no error in refusing the writ.

Judgment affirmed.