Runner, Wickersham & Wycoff v. The City of Keokuk and Hiatt & Harbin.

---

RUNNER, WICKERSHAM & WYCOFF v. THE CITY OF KEOKUK AND HIATT & HARBIN.

1. APPELLATE JURISDICTION OF THE DISTRICT COURT. The District Court has appellate jurisdiction of causes originating in the county court, justice's court, and of the reports of commissioners appointed to assess damages for rights of way in certain cases.

2. SAME: STREETS: APPEAL. An appeal from a report made by commissioners appointed by the city council of the city of Keokuk, to assess the damages sustained by the owners of private property taken for the extension of a street, with an assessment of taxes on property benefited by such extension, under chapter 152 of of the acts of 1857,

Runner, Wickersham & Wycoff v. The City of Keokuk and Hiatt & Harbin.

takes the case to the District Court for trial on the merits of the report.

3. SAME. Errors in the proceedings of such commissioners can be reviewed in the District Court only upon *certiorari*.

*Appeal from Lee District Court.*

TUESDAY, APRIL 16.

THE plaintiffs appealed to the District Court from an assessment made by Cleghorn, Creel and Connable, commissioners appointed by the council of the city of Keokuk to assess the damages caused by the extension of Third street in said city. Said commissioners awarded to Hiatt & Harbine, for injuries to their property, the sum of $19,500; and assessed the property of those benefited thereby with the amount of such damages. The plaintiff's property having been charged with a portion of this assessment, they complain of the action of the commissioners, which, upon appeal, was set aside by the District Court; and from this ruling Hiatt & Harbin appeal.

*Rankin & Miller* for the appellees.

I. The questions raised by the plaintiffs, in the court below, in the motion to set aside the award of the commissioners, were determined adversely to them in the case of *Hiatt & Harbin* v. *The City of Keokuk,* 9 Iowa 438.

II. In taking the appeal from the award, the parties waived all technical errors in the former proceedings, and bring up the cause for hearing on the merits:

1. The word appeal, by force of its legal signification, implies taking the case to a higher tribunal for trial on the merits. 1 *Bouv. L. Dict. Appeal.*

2. By analogy to appeals from justices to the District Court. The language of the act giving the appeal, is, " Said appeal shall be heard and determined as other appeals are heard and determined in said court." The other appeals

heard in the District Court. are, 1, from justice of the peace; 2, from the county court; 3, from special proceedings for the right of way. Code of 1851, sections 2343, 2344; *Voorhies & Co.* v. *Eubank*, 6 Iowa 274; *The Mississippi & Missouri Railroad Company* v. *Rosseau*, 8 Ib. 373; *Borland* v. *The Mississippi & Missouri Railroad Company*, Ib. 148.

*Worthington* and *Lomax* for the appellees.

I. Statutes in derogation of the common law must be strictly construed. 16 John. 7; 2 Gilm. 184, 429; 4 Binney 116; 4 Mass. 476.

II. The statute of 1853 was in derogation of the common law. It conferred the right of eminent domain, and when that right is delegated by the legislature to a corporation, it must be strictly pursued. *Keary* v. *Louisville*, 4 Dana 154; *The State* v. *Jersey City*, 5 Dutch 309.

III. Neither consent nor appeal gives a court jurisdiction. Jurisdictional facts must appear. *Nicholas* v. *Bridgport*, 23 Conn. 189; *Mitchell* v. *Kirkland*, 7 Ib.; *Chapman* v. *Griffin*, 1 Rust 190; *Metcalf* v. *Gilchrist*, 5 Conn. 400; *Gilbert* v. *Columbia Turnpike Co.*, 3 John. C. 107.

IV. These facts do not appear in the case at bar.

1. There is an absence of notice to the parties.

2. It does not appear that the commissioners were disinterested freeholders. 23 Conn. 189; 7 Ib; 1 Root 196; 5 Conn. 400.

3. The names of the parties benefited, do not appear. It should show that the assessment was made against the property of the parties benefited.

V. The assessment was rejected by the council. Stat. 1853, chap. 77, sec. 9.

BALDWIN, J.—Under the provisions of the act of the legislature of 1853, chapter 77, page 132, entitled "An Act amendatory to an Act to incorporate the city of Keokuk," the city council were authorized to extend the streets of said city and to appoint commissioners to assess damages caused by such extension, and charge the same to the property of persons benefited thereby. The section which authorized this proceeding, provides that any person aggrieved thereby may appeal from such assessment or apportionment to the District Court, upon filing proper bonds, &c. And it is further provided that such appeal shall be heard and determined as other appeals are heard and determined in said court.

The District Court has appellate jurisdiction over causes originating in justices' and county courts, and over the action of commissioners appointed to assess damages caused by the taking of the right of way to railroad companies. How, then, are appeals from the action of the commissioners to be determined in the District Court? The statute says in the same manner as other appeals are there determined. It may be proper to consider how "other appeals" are determined in the District Court. "An appeal is allowed from all decrees and decisions of the county court on the *merits* of any matter affecting the rights or interests of individuals as distinguished from the public, including an intermediate order, involving the *merits* and necessarily affecting the decree or decision." Code of 1851, section 131. "An appeal (from a justice of the peace) brings up a cause for trial upon its merits, and for no other purpose." Ib. section 2343.

Upon an appeal from the assessment of commissioners of damages sustained by the right of way to railroads, it has been held by this court that the appeal is from the assessment of damages by the commissioners, and that the cause must be determined in the District Court upon its merits

that if the proceedings are irregular, so that a plain and adequate remedy is not given by appeal, that the alleged errors may be brought up for review by writ of *certiorari*. *M. & M. Railroad Company* v. *Rosseau*, 8 Iowa 373. We assume, then, that all appeals in the District Court are determined upon their merits. All irregularities are waived by an appeal, and the cause stands for hearing upon its merits, and for no other purpose.

The motion of plaintiffs to dismiss this cause in the District Court, was based upon several errors claimed to have existed in the proceedings of the commissioners. As the appeal was from the assessment, the only questions to be determined in the District Court, were as to the amount Hiatt & Harbin should be entitled to as their damages, and the amount each one of the plaintiffs should pay. These questions involve all the merits of the case. The questions presented by the motion to dismiss could have been properly raised and reviewed upon a writ of *certiorari*, but not upon appeal. See *M. & M. R. R. Company* v. *Rosscau, supra; Borland* v. *M. & M. R. R. Company*, 8 Iowa 148; *Craine* v. *Fulton*, 10 Ib. 457; *The State ex rel. Hiatt and Harbin* v. *The City of Keokuk*, 9 Ib. 438.

The questions presented by the motion of plaintiffs to dismiss, were passed upon to a certain extent in the case of *The State ex rel. Hiatt and Harbin, supra,* and there held adversely to the positions assumed by the appellees. We do not propose again to refer to them specially, as we regard them as waived by the appeal. The order of the District Court dismissing the appeal and setting aside the action of the commissioners, is reversed.