The State of Iowa v. Wilson.

### THE STATE OF IOWA v. WILSON.

1. APPEAL: COUNTY COURT. The remedy of a party who complains of the ruling of the county court in refusing to admit evidence offered on the trial of a cause therein is by appeal, and not by *certiorari*.

2. CASE CITED: *Cohen* v. *Mahaska County*, 4 G. Greene, 242 cited and held inapplicable in this case.

*Appeal from Wapello District Court.*

FRIDAY, DECEMBER 6.

A COMPLAINT was filed against the defendant, in the county court, charging him with being the father of a bastard child. On the trial, which was in June, 1860, he offered himself as a witness, and his evidence was refused. He then applied to the District Court, by petition for a writ of *certiorari*, to correct this alleged error in rejecting his testimony. The writ was refused, and he now appeals.

*Seevers, Williams & Seevers*, for the appellant.

*C. C. Nourse*, Attorney General, for the State.

WRIGHT, J.—It is urged that the remedy of the party was by appeal from the judgment of the county court, and not by *certiorari*. And this is the first question demanding our attention.

The general provision of the statute is, that an appeal is allowed from all decisions of the county court, on the merits of any matter affecting the right, or interest of individuals, including an intermediate order involving the merits, and necessarily affecting the decree or decision, (§ 131). And then § 853, referring to this class of cases, declares that if on appeal the judgment below be sustained, (being against the accused,) it shall be rendered and entered as a judgment of the District Court. The writ of *certiorari* is to issue, when, in the judgment of the court applied to, there is no other plain, speedy and adequate remedy. (§ 1965.)

The writ of *certiorari* is not specially authorized by law in this class of cases. An appeal is, and there is therefore a plain, speedy and adequate remedy without resorting to the writ. If the county court erred in the rejection of this testimony, the error could be and would be corrected on the trial in the District Court. The alleged illegality is not of the character contemplated by § 1965 of the Code. To thus construe the statute would render the provisions giving an appeal entirely nugatory and inoperative.

We are referred, however, to the case of *Cohen* v. *Mahaska County,* 4 G. Greene, 242. Without committing ourselves to the correctness of the ruling there made, we remark that there is a clear distinction between that case and this. There the county court, in addition to requiring security of defendant, as provided by § 852, required him to make quarterly payments to the county treasurer. This latter order it had no power or right to make. This could only done in the District Court, on appeal, when the accused was found guilty, or confessed the accusation. (§ 855.) In such a case, while there might be much plausibility in arguing that the court had acted illegally, or exceeded its proper jurisdiction, within the meaning of § 1965 of the Code, it would by no means present a precedent for the writ in this case. Here it was only claimed that the error was in re-

jecting certain testimony. This was not acting illegally within the meaning of the statute. The writ was therefore properly refused, and the judgment is

Affirmed.