## O'Hare, Adm'r v. Hempstead, County Judge.

1. Certiorari: to county court: appeal. The proper remedy against an order of the County Court refusing to correct a mistake in a settlement with an administrator is by appeal, and not by *certiorari*.

*Appeal from Dubuque District Court.*

Friday, June 22.

Certiorari.—The record shows that in April, 1863, the petitioner, as administrator of the estate of Edward O'Hare, made her final report and settlement; at which time Mary A. Strain, one of the heirs, appeared, and after an examination, an order was made by the county judge in relation to said report, and the rights and interests of the heirs in

said estate. From this order the said Mary A. appealed to the District Court, but afterwards, plaintiff having made her settlement as guardian, and the matters of which the said Mary complained, being then adjusted to her partial, if not entire satisfaction, she dismissed her appeal. In January, 1865, the administrator filed her petition in the County Court, alleging that in the final order based upon her report, and the hearing then had, a mistake had intervened to her prejudice, in about the sum of $3,200; which she asks may be corrected. To this petition, Mary A. Strain answered, denying the mistake; that as between her and the petitioner, the administration was finally settled in June, 1864, from which plaintiff had not appealed, and which she therefore insists must be accepted as a finality.

The County Court found that the alleged mistake did in fact intervene, and the only question was whether it could be corrected and the record amended in accordance with the prayer of the petition. As to all the other heirs, it was held that the mistake might be corrected, but not as to Mrs. Strain, inasmuch as between her and the administrator the account was final, the order having been submitted to the counsel of each, and for the further reason that the balance struck was carried into the settlement of plaintiff as guardian of Mrs. Strain, and was then again passed upon and allowed by the court. It is also stated that the guardian was discharged, and a final settlement made with the consent of all the parties; that the said mistake has been finally and conclusively adjusted and settled, and this (the County) court had no further jurisdiction over the same.

Plaintiff filed her petition in the District Court, setting forth the alleged mistake; that the County Court, in refusing to correct the mistake as to Mrs. Strain, acted illegally and to her prejudice; that she had no other plain, speedy and adequate remedy, whereupon she asked for a writ of

O'Hare v. Hempstead.

*certiorari.* The District Court refused the writ, and plaintiff appeals.

*Bissell & Shiras* and *Monroe & Deery* for the appellant.

*Griffith & Knight* for the appellee.

WRIGHT, J. — In refusing the writ, the court below did not err. The statute provides that the writ may be granted whenever specially authorized by law, and especially in all cases where an inferior tribunal, &c., exercising judicial functions, is alleged to have exceeded its proper jurisdiction, or is otherwise *acting illegally*, when, in the judgment of the court appealed to for the writ, there is no other *plain, speedy and adequate remedy.* Rev., § 3487.

*(margin note: 1. CERTIORARI: to county court: appeal.)*

There is no pretense that this case is one of those where the writ is "specially authorized by law." Nor is it, of course, pretended that it is one where the inferior tribunal has "exceeded its proper jurisdiction." But the claim is, that the county judge *acted illegally*, and that plaintiff had no other plain, speedy and adequate remedy.

Without adverting to the first part of this inquiry, we are clear that plaintiff might have appealed from the action of the County Court in refusing to correct this mistake, and that in this her remedy was plain, speedy and adequate. *Fagg* v. *Parker*, 11 Iowa, 18 ; *The State of Iowa* v. *Wilson*, 12 Iowa, 424. This case is certainly not as strong for plaintiff as those cited, and yet in both of those it was held that the remedy was by appeal. That the party has lost this remedy by his own laches, can make no difference. *Fagg* v. *Parker*, *supra*, directly in point. And the propriety of remitting the party to this remedy is well illustrated by this case. The heir, Mrs. Strain, denies the

mistake alleged, but claims that a mistake was made against her to the amount of $2,000. The finding of the County Court, that a mistake was made as claimed by the petitioner, ought not to conclude either party. The matter, when heard, ought to be examined *de novo*. And the law contemplates an appeal from all decisions or decrees of a County Court on the merits of any matter affecting the rights or interests of individuals, and a full hearing of the same in the District Court. Rev., § 267. A party should not be allowed to select some erroneous ruling and have this reviewed by *certiorari*, when his remedy, if he is aggrieved, is adequate and plain by appeal; a remedy which gives a hearing upon the whole merits, and the very relief, if any, to which he is entitled. See *Runner, Wickersham & Wyckoffe* v. *The City of Keokuk and Hiatt & Harbin*, 11 Iowa, 543. The case of *Edgar* v. *Greer*, 14 Iowa, 211, is placed upon the ground that the District Court exceeded its jurisdiction in rendering the judgment of which the petitioner complained, and is therefore quite unlike that now before us. And see *Wood* v. *Randall*, 5 Hill, 264; *Hoare* v. *Harris*, 14 Ill., 35; *White* v. *Frye*, 2 Gilm., 65; *Doolittle* v. *Galena and Chicago Railroad Company*, 14 Ill., 383; *The People* v. *The Mayor*, &c., *of New York*, 2 Hill, 9, 14.

Affirmed.