WILLIAM PARENTI, Plaintiff, v. DISTRICT COURT OF ADAMS COUNTY et al., Defendants.

**INDICTMENT AND INFORMATION:** Motion to Set Aside—Illegality of Grand Jury—Waiver. Objections to the legality of the grand jury not raised prior to pleading to the indictment are waived.

**CERTIORARI:** When Writ Lies—Illegality of Grand Jury. Certiorari will not lie to review matters which might, by timely action, have been presented on appeal: e. g., illegality in the selection of a grand jury.

**CERTIORARI:** When Writ Lies—Mistaken Entry of Judgment. Certiorari will not lie to review the action of the clerk in erroneously entering a judgment in the combination docket instead of entering it in the record book.

*Certiorari to Adams District Court.*—HOMER A. FULLER, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

PROCEEDING in certiorari, to review the action of the district court of Iowa (Homer A. Fuller, judge), in and for Adams County, in which the plaintiff claims that the defendant acted illegally in connection with the trial of a criminal cause entitled State of Iowa v. Parenti, the defendant being the petitioner herein. The opinion sufficiently states the facts.—Writ *discharged* and the petition *dismissed.*

*Wisdom & Wisdom,* for plaintiff.

*Ben J. Gibson,* Attorney-general, *D. H. Meyerhoff,* and *John W. Bixby,* County Attorney, for defendants.

DE GRAFF, J.—This is a proceeding in certiorari against the district court of Adams County, Iowa, Homer A. Fuller, judge, and R. E. Phillip, clerk. The petitioner contends that the defendants acted illegally in connection with the trial of a criminal cause entitled State v. Parenti (plaintiff herein), and seeks in this proceeding to annul the action of the district court in the latter case. For a proper understanding of this contention it is necessary to outline briefly the chronology of the criminal case.

Parenti, defendant in the criminal cause and petitioner in this action, was indicted March 14, 1922, by the grand jury of Adams County, for the crime of liquor nuisance. On October 3, 1922, a motion was filed to quash said indictment, based on the ground that the evidence as contained in the minutes attached was illegally obtained. This motion was overruled, and an exception noted. Defendant entered a plea of not guilty, and the cause proceeded to trial. Upon the conclusion of the testimony for the State, defendant filed his motion for a directed verdict, based upon the insufficiency of the evidence to sustain a conviction. This motion was overruled, but was renewed at the close of all the evidence, and again overruled and exceptions noted. On October 4, 1922, the jury returned a verdict of guilty as charged. On October 4, 1922, there was filed a motion in arrest of judgment, which alleged that the court erred in rulings on the admission and exclusion of evidence, in the giving of certain instructions, and the insufficiency of the evidence to sustain the verdict. The trial court overruled this motion, and on October 5, 1922, pronounced sentence and judgment. On October 12, 1922, notice of appeal to this court was duly and legally served. Thereafter, and on June 11, 1923, there was filed in the district court a motion ''to set aside ruling on motion for new trial; amendment to motion for new trial; supplemental motion for new trial, and motion in arrest of judgment.'' It is therein alleged that the defendant has not received a fair and impartial trial, in that no lawful indictment

was presented by the grand jury of Adams County, predicated on the claim that the grand jury which returned the indictment was illegally drawn. This motion was overruled, and the ruling constitutes the proximate cause for the filing in this court of a petition for writ of certiorari.

The record discloses that, during the pendency of the instant indictment, there was another indictment pending against the defendant, returned by the same grand jury, charging him with the crime of compounding a felony. Before plea in the felony case, but subsequently to the trial and judgment in the liquor nuisance case, the defendant filed a challenge to the grand jury and a motion to quash the felony indictment. The specific grounds which were embodied in the challenge were the absence of certification of certain of the grand jury lists by the judges of the election; that the auditor certified to several of the townships in the county an excess number of names to be returned by the election boards in said townships; that the board of supervisors did not supply the lists of grand jurors with names from townships in precincts which had not returned them; and that the county auditor did not make and file in his office, after the election in 1920, the entire list of names returned for service as grand jurors for the years 1921 and 1922. On the showing made, defendant's motion was sustained, and the indictment charging him with compounding a felony was dismissed, and defendant discharged. The investigation which provoked the challenge and the evidence offered upon the hearing thereof caused the filing on the part of the defendant of his motion and amendments to set aside the former rulings of the trial court in the liquor nuisance case.

It thus appears that the question involving the legality of the selecting, drawing, and impaneling of the grand jury which returned the liquor nuisance indictment was at no time raised by the petitioner (defendant below) in the district court, save in his amendment to his original motion for a new trial, and filed June 11, 1923, which was eight months after the verdict was returned and judgment pronounced,. and when an appeal from said judgment to this court was pend-

1. INDICTMENT AND INFORMATION: motion to set aside: illegality of grand jury: waiver.

ing.  On the record before us, two propositions must be conceded:  (1)  That the defendant is presumed to know the statutes governing the selecting, drawing, and impaneling of the grand jury; (2) that the irregularities complained of were discoverable by the defendant, in the exercise of reasonable diligence, prior to his plea to the indictment, for the reason that the grounds for challenge were matters of public record.  The statute provides that a motion to set aside an indictment can be made before a plea is entered by the defendant, on one or more of the grounds therein specifically enumerated.  Section 5319, Code, 1897.  The defendant had ample opportunity before entering his plea and before trial to learn the true situation.  It involved a mere matter of the examination of public records.  The objections were not made in time.  They should have been made before pleading to the indictment.  *State v. Reid,* 20 Iowa 413; *State v. Kouhns,* 103 Iowa 720.  The trial court had jurisdiction to hear and determine all matters in connection with this case to the time that appeal was perfected; but we are confronted with the fact that, when defendant's motion on June 11th was presented to the district court, its jurisdiction had terminated, by reason of the appeal.  Certiorari cannot be adopted as a remedy in a matter of which the petitioner might have availed himself on appeal, had he in a proper and timely manner preserved the record.  *Fagg v. Parker,* 11 Iowa 18.

2. CERTIORARI: when writ lies: illegality of grand jury.

One further contention is made in this proceeding, to wit: that the verdict and judgment in the liquor nuisance case was not properly recorded in the district court of Adams County, and that, by reason of the failure of the clerk to enter the judgment in what is termed the "District Court Record," there was no valid and legal judgment from which the appeal could be taken by the defendant.  The record discloses that the judgment was entered upon the calendar of the judge, and also upon the combination docket of the district court.  If the verdict and judgment was not properly recorded, the failure so to do is chargeable to the clerk, in the nonperformance of a mere ministerial duty.  There is no claim that the clerk exceeded his jurisdiction.  His default

3. CERTIORARI: when writ lies: mistaken entry of judgment.

was a failure to perform. It was not an illegal act, and his omission could have been cured upon the motion of the defendant or corrected by the trial court on its own initiative. Certiorari does not lie to compel the doing of an act of this character. Ample remedy was afforded the defendant to have the omission of duty performed. In fact, the record in the trial court was later corrected, and an amendment to the return to this court in this proceeding was made. The trial court possessed the inherent authority to enter a judgment *nunc pro tunc,* and lapse of time will not bar the exercise of this power. *Fuller & Co. v. Stebbins,* 49 Iowa 376. Even after the taking of an appeal, the trial court may correct its record to conform to the proceedings therein. The record before us is complete, and there is nothing to which a writ of certiorari may be directed. For the reasons indicated, the writ is discharged and the petition dismissed.

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.