STATE OF IOWA, Appellee, v. HENRY HAWKS, Appellant.

No. 40810.

December 16, 1931.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and Whitney W. Gillilland, County Attorney, for appellee.

J. J. Cardigan, for appellant.

ALBERT, J.—The first complaint made by the defendant in this case is an assault on the sufficiency of the indictment.

This question is first raised in a motion to direct a verdict. It can not receive consideration because it came too late. Section 13791, Code, 1927, provides:

"All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case."

Having failed to demur to the indictment, the sufficiency thereof can not be raised in a motion to direct a verdict. State v. Sweeney, 203 Iowa 1305; State v. Otsby, 203 Iowa 333.

It is next insisted that the jury was prejudiced and biased by the argument of counsel for the State, and that the statements made by State's counsel were not in evidence, and constitute reversible error.

We have given attention to this question, and find nothing in the statements set out which could, in any way, be considered as error, let alone prejudicial error.

One other question is raised in the motion for a new trial, and that is the sufficiency of the evidence to sustain the verdict. We will give attention to this question later.

After sentence and judgment entered thereon, defendant filed a motion to set aside the judgment. This is a proceeding unknown to our practice in this state. If such practice were permissible, however, the grounds of such motion were:

"1. That the sentence and judgment were null and void."

This is a mere conclusion, and deserves no consideration.

"2nd. That the judgment and sentence are in violation of the Code of Iowa 'Bill of Rights,' Article 8 or 9."

"3rd. That the judgment and sentence are in violation of the 5th and 14th Amendments to the Constitution of the United States of America."

Section 8, Article I, of the Constitution deals with unreasonable search and seizure, and Section 9, Article I, with the right of trial by jury.

As to the Fifth Amendment to the Federal Constitution, it has been repeatedly held that this amendment applies only to proceedings in the Federal courts for violations of the Federal statutes, and has no application to state courts and their proceedings. State v. Otsby, supra; Olander v. Hollowell, 193 Iowa 979, l. c. 983.

The only part of the Fourteenth Amendment that could in any way have anything to do with criminal matters is the part of Section 1 reading as follows:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

It is not pointed out wherein either of these amendments has been violated. There is nothing in any of these constitutional provisions, either state or Federal, which is shown to in any way affect the judgment and sentence herein.

It is insisted that the *corpus delicti* has never been established, and we are cited to the cases of State v. Millmeier, 102 Iowa 692; State v. Westcott, 130 Iowa 1; State v. Osborne, 45 Iowa 425; and to 16 C. J. 529, Sec. 994. Suffice to say there is nothing in this contention, because there was abundant evidence to show that a crime had been committed.

The court gave an instruction on circumstantial evidence. Defendant attacks a portion of this instruction as not a correct statement of the law governing circumstantial evidence. Assuming that his contention is correct in this attack, the trouble is

that, when the portion of the instruction attacked is read with the remainder of the instruction, the instruction as a whole correctly states the law of this state governing circumstantial evidence.

As before stated, the defendant attacked the sufficiency of the evidence to carry the case to the jury. We have carefully read the testimony, and feel there is no doubt that the same is sufficient to make a jury question. Outlining, without filling in the details, the jury might have found that the corn alleged to have been stolen was yellow in color, and was in a crib on a farm; that one of the witnesses for the State was engaged in husking the corn in the field and placing it in the crib; that on the day before the corn disappeared, the corn in the crib had not been disturbed; that the next morning three boards were pulled from the crib and about 50 or 60 bushels of corn were gone; that there were automobile tracks on the ground adjacent to the crib leading from thence to the highway some rods distant; that the next morning defendant and another party appeared with a truck loaded with yellow corn at a town near by, which corn was sold to a grain buyer; that he did so under an assumed name, and after the corn was unloaded, he directed the person with him to sweep out the truck. This truck had different types of tires on the front wheels from those on the back wheels at the time it was examined, shortly after the sale of the corn. The evidence shows that the same condition as to tires existed on the truck in which the corn was loaded at the crib and the truck in which the corn was delivered at the elevator, and that the marks made by the respective tires of the truck at the time the corn was loaded at the crib and delivered to the elevator were identical.

Suspicious conduct on the part of the defendant might have been found from the evidence at the time he was delivering the corn at the elevator.

We think these matters, together with the details incident thereto, made a jury question. The lower court overruled the motion for a new trial, and we think its actions in this respect and in all other respects in which the court's action is questioned were within the law, and no error was committed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.