## HAWK v. HOLLOWELL, Warden.

District Court, S. D. Iowa.
Nov. 24, 1932.

KENYON, Circuit Judge.

A petition for a writ of habeas corpus has been presented to me as one of the judges of the Circuit Court of Appeals of

the Eighth Circuit, in which it is claimed that petitioner has been deprived of his liberty by the state of Iowa without due process of law, in violation of the Fourteenth Amendment to the Constitution.

The facts gathered from the petition are that petitioner was indicted by the grand jury of the district court of Mills county, Iowa, for the crime of grand larceny in the stealing of a load of corn worth more than $20; the ownership of the corn not being alleged in the indictment. (Iowa has the short form of indictment adopted to do away with useless technicalities.)

Petitioner pleaded not guilty, was duly placed on trial, raised no objection to the indictment until the motion made by his counsel for a directed verdict, in which one of the grounds was that the indictment was insufficient and did not state a cause of action. The motion was overruled. Petitioner was found guilty and sentenced to the penitentiary at Ft. Madison, Iowa, for a period of five years, where he is now confined. The case was appealed to the Supreme Court of Iowa, and there affirmed. State v. Hawks, 213 Iowa, 698, 239 N. W. 553.

Section 455, title 28, USCA, provides that upon filing of the proper application a writ of habeas corpus shall be forthwith awarded "unless it appears from the petition itself that the party is not entitled thereto."

It is the duty of a judge of a federal court to investigate and consider most carefully an application for habeas corpus where an attempt is made to interfere with the criminal procedure of a state, and a writ of habeas corpus to so interfere should be granted only in cases of extreme urgency where it appears that the state court had no jurisdiction over the crime charged or over the person of the petitioner.

As said by the Supreme Court in United States of America ex rel. Walter S. Kennedy et al. v. Frank M. Tyler, as Sheriff of Erie County, et al., 269 U. S. 13, 46 S. Ct. 1, 3, 70 L. Ed. 138: "The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist." In Rogers v. Peck, 199 U. S. 425, 434, 26 S. Ct. 87, 89, 50 L. Ed. 256, the court said: "The reluctance with which this court will sanction Federal interference with a state in the administration of its domestic law for the prosecution of crime has been fre-

quently stated in the deliverances of the court upon the subject. It is only where fundamental rights, specially secured by the Federal Constitution, are invaded, that such interference is warranted." See, also, In re Jordan (D. C.) 49 F. 238, 240; Cohn v. Jones, Warden (D. C.) 100 F. 639, 641; Cohen v. Biddle, Warden (C. C. A.) 12 F. (2d) 704.

There is no question here that the Iowa courts had jurisdiction of the person of the petitioner and of the crime charged. Petitioner's complaint is that the indictment was insufficient in that it did not allege ownership of the property claimed to have been stolen, and further that the provision of the Iowa statutes, section 13791, Iowa Code 1927, providing that objections to the indictment relating to matters of substance and form which might be raised by demurrer are waived if not raised before the jury is sworn, is unconstitutional, and that he was therefore deprived of due process of law.

It is apparent that these questions were for the state court. The sufficiency of the indictment in a state court, and the question of the waiver of objections to the indictment as to matters of substance and form unless taken by demurrer before the jury is sworn is likewise a matter for the state court.

The case of Knewel, Sheriff, v. Egan, 268 U. S. 442, 45 S. Ct. 522, 524, 69 L. Ed. 1036, seems absolutely conclusive on these matters. That was a habeas corpus proceeding where the attempt was made to review by habeas corpus in the federal court a sentence of the state court of South Dakota in a criminal case. Under the statute of South Dakota, the alleged defect in the information, to wit, a failure to allege venue, was waived by failure to demur. So that the questions there are practically the same as here. As to the waiver proposition, the Supreme Court held: "That the judgment of state courts in criminal cases will not be reviewed on habeas corpus merely because some right under the Constitution of the United States is alleged to have been denied to the person convicted. The proper remedy is by writ of error." It also said, at pages 445 and 446 of 268 U. S., 45 S. Ct. 522, 524:

"It is the settled rule of this court that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged. * * *

"A person convicted of crime by a judgment of a state court may secure the review of that judgment by the highest state court and if unsuccessful there may then resort to this court by writ of error if an appropriate federal question be involved and decided against him, or if he be imprisoned under the judgment, he may proceed by writ of habeas corpus on constitutional grounds summarily to determine whether he is restrained of his liberty by judgment of a court acting without jurisdiction. See Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868. But if he pursues the latter remedy, he may not use it as a substitute for a writ of error. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274. It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."

The court held that the failure to allege venue did not deprive the court of jurisdiction in the case, and that the sufficiency of the indictment could not be called in question upon habeas corpus, saying: "Even though an indictment thus drawn might have been found defective upon demurrer or writ of error, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction." It has so often been held that the sufficiency of the information or indictment is not the subject of an attack on habeas corpus that there is little need of citing cases. See, however, Kohl v. Lehlback, 160 U. S. 293, 16 S. Ct. 304, 40 L. Ed. 432, Howard v. Fleming, 191 U. S. 126, 24 S. Ct. 49, 48 L. Ed. 121, Cronin v. Ennis (C. C. A.) 11 F.(2d) 237, and Erickson v. Hodges, Sheriff, 179 F. 177, 180, where the Circuit Court of Appeals of the Ninth Circuit said: "It is next urged that the information upon which the petitioner was tried in the state court does not state an offense. This was a question for the state court to determine. Where the statute creating the offense is not repugnant to the federal Constitution, and the court has jurisdiction thereof, the determination of the state court touching the sufficiency of the charge is controlling in the federal courts, where the defendant seeks to be relieved upon habeas corpus."

■ The question is really one of jurisdiction, and jurisdiction is the right and power to enter upon and determine the issues of the case. If jurisdiction was not lacking at the time of the trial and was not lost during the trial, then there is no basis for the writ of habeas corpus asked in this case. Felts v. Murphy, 201 U. S. 123, 26 S. Ct. 366, 50 L. Ed. 689; Weedin, Commissioner, v. Moy Fat (C. C. A.) 8 F.(2d) 488.

■ This is clearly an attempt to have a single federal judge pass on the sufficiency of an indictment in a state court by means of habeas corpus, making that writ a substitute for a writ of error. This cannot be done. In Quagon v. Biddle, Warden, 5 F. (2d) 608, 610, this court said: "And a writ of habeas corpus cannot be made to perform the office of a writ of error. It may not be invoked to review or avoid an erroneous judgment of a court of competent jurisdiction. It challenges the jurisdiction of the court alone and is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without the power to make it." Martin v. Biddle, Warden (this court) 16 F. (2d) 118; Markuson v. Boucher, 175 U. S. 184, 20 S. Ct. 76, 44 L. Ed. 124; Felts v. Murphy, 201 U. S. 123, 26 S. Ct. 366, 50 L. Ed. 689; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; and a multitude of other cases which need not be cited.

■ As the state court had jurisdiction of the person of the petitioner and of the crime with which he was charged and never lost that jurisdiction, and as the question of the sufficiency of the indictment was for the state court to determine, and as the effort here is clearly one to review alleged errors committed by the state court or to attack the procedure of the Iowa courts under the Iowa statutes in the prosecution of crimes committed against the state within the state, all of which appears from the petition presented, and as petitioner has not been denied due process of law, he is not entitled to a writ of habeas corpus, and the same is denied. This memorandum and order will be filed in the District Court of the United States for the Southern District of Iowa, under section 452, title 28, USCA, being the District wherein the restraint complained of is had.