STATE OF IOWA, appellee, v. WARREN STOWE MCKILLOP, appellant.

No. 47536.

(Reported in 42 N.W.2d 381)

MAY 2, 1950.

REHEARING DENIED SEPTEMBER 25, 1950.

Clarence I. Spencer and Earl Gritton, both of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Walter A. Delahoyde, County Attorney, for appellee.

SMITH, J.—The record of proceedings prior to appeal is brief. It shows the county attorney's information, with minutes of testimony, filed June 16, 1949; a written plea of guilty, filed

June 16, 1949; and a judgment of conviction entered the same day. Notice of appeal (signed by attorney) was served and filed June 25.

We learn from a later ruling (hereinafter referred to) that information was originally filed in justice court on June 14, and that defendant was arrested on that date and after hearing was bound over to the grand jury. The crime is alleged to have been committed on or about June 11, 1949.

Up to time of taking appeal no objections had been made nor exceptions taken by defendant. The written plea of guilty, after acknowledging receipt of "a true copy of the County Attorney's Information", stated: "That he [defendant] is charged in his true name * * *; that he has been advised of his rights, including his right to an attorney; that he does not wish an attorney; that without any promise of leniency or other inducement, he hereby voluntarily enters his written plea of guilty * * *; that he knows this leaves nothing for the court to do but to pronounce sentence; that he waives formal arraignment and asks the court to pronounce sentence upon him at once."

The trial court made a calendar entry as follows: "June 16, 1949. Defendant appears in person and states he is informed against by his true name, that he waives the right to an attorney, acknowledges receipt of a copy of the information, waives reading of the same, waives time to plead and enters a plea of guilty. Waives time for sentence and is sentenced to five years in the State penitentiary at Fort Madison, Iowa, as per entry signed. S. E. Prall, Judge."

The signed judgment entry is to the same general effect and recites substantially the same details except the reference to representation by attorney.

Thereafter, on September 21, 1949, defendant (through attorneys) filed "motion to set aside judgment, to withdraw the plea of guilty, to enter a plea of not guilty, and for a new trial." In substance it alleged that defendant had been denied "due process" and deprived of various constitutional rights and had been induced to plead guilty by misrepresentations and duress. Attached to the motion were affidavits of defendant, his wife and attorney.

From defendant's affidavit we learn he claims he was kept incommunicado, was promised "that in the event I took the full blame, I would be let off easy, perhaps with a fine," and at other times was threatened more drastic punishment and dire consequences if he did not plead guilty.

The trial court overruled the motion, holding the court had no further jurisdiction since the case had been appealed and the motion to set aside the judgment was not the proper procedure, the record showing "the formalities of the statute were complied with."

*No appeal has been taken from this order overruling defendant's motion.* It was made October 3, 1949. The only appeal taken was the one of June 25, 1949 (over three months earlier), when there had been no objection to the procedure nor any attack made on the validity of the judgment appealed from. The printed "record" (abstract) filed November 25 however sets out the subsequent motion and attached affidavits and the trial court's informal ruling thereon.

I. It is manifest there is nothing here upon which we can pass. The judgment of conviction appealed from was unimpeached and upon its face unimpeachable when rendered. The record to that date and to date of appeal revealed no error and no complaint of any ruling leading up to the final judgment. The motion attacking it was made practically three months after the appeal was taken, and after defendant was committed to the State penitentiary.

We know of no authority for this procedure. It seems too clear for any argument that after appeal is taken further proceedings cannot be inaugurated in the trial court as the basis for such appeal. Appellant may not then for the first time reveal to the trial court the matters which he claims render the judgment erroneous.

II. Moreover, assuming the later ruling had been appealed from, the belated attempt in the trial court to attack the validity of the judgment was properly overruled. In a case in which defendant moved in the trial court for a new trial after having appealed, this court said: "Of this it is sufficient to say that, at the time this motion was filed, the case had been removed to this court by the defendant's appeal, and it was not within the

jurisdiction or authority of the district court to recall it or to assume the right to order a new trial." State v. Sangster, 196 Iowa 495, 498, 192 N.W. 155, 156, citing State v. Dudley, 147 Iowa 645, 656, 126 N.W. 812. See also Parenti v. District Court, 198 Iowa 560, 563, 199 N.W. 259.

III. Other considerations support the trial court's denial of the "motion to set aside judgment." In State v. Hawks, 213 Iowa 698, 699, 239 N.W. 553, 554, we said: "After sentence and judgment entered thereon, defendant filed a motion to set aside the judgment. This is a proceeding unknown to our practice in this state."

And as to the motion if treated as one for a new trial, our statute expressly states: "The application for a new trial * * * must be made before judgment." Section 787.2, Code, 1946. See State v. Van Klaveren, 208 Iowa 867, 870, 226 N.W. 81; State v. Harper, 220 Iowa 515, 524, 525, 258 N.W. 886; State v. Kirkpatrick, 220 Iowa 974, 263 N.W. 52; State v. Nott, 168 Iowa 617, 622, 149 N.W. 79.

It is clear we cannot on this appeal pass upon the questions of defendant's constitutional rights or determine whether they have been violated. The judgment is accordingly—Affirmed.

All JUSTICES concur.