## THE STATE v. DAVIS.

1. **Criminal Law**: PRACTICE: APPEAL LIES ONLY FROM FINAL JUDGMENT. No appeal lies to the Supreme Court in a criminal case, either by the State or the defendant. until after final judgment. Following *The State v. Swearengen*, 43 Iowa, 336.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 20.

DEFENDANT was indicted for setting fire to a building with intent to cause it to be burned. A lawful jury was empaneled, and, while the trial was proceeding, one of the jurors became sick. The court, upon the consent of counsel both of the defendant and of the State, excused the further attendance of the sick juror, and the trial of the cause proceeded before eleven

jurors, who returned a verdict of guilty. A motion in arrest of judgment, based upon the ground that the verdict was not rendered by a jury constituted of the number required by law, was sustained. To this ruling the State excepted, and appeals therefrom.

*J. F. McJunkin, Attorney General*, for the State.

*Casey & Hobbs*, for the defendant.

BECK, J.—Counsel for defendant insist that we cannot entertain jurisdiction of the cause for the reason that no final

1. CRIMINAL law: practice: appeal.

judgment was rendered in the case by the court below, from which, alone, an appeal can be prosecuted in this court. The objection is raised both upon motion and in the argument upon the merits of the case. The position of counsel is well taken. We have recently held that no appeal in a criminal case can be taken from an intermediate order, and that the statute provides for appeals to this court only from *final* judgments. *The State v. Swearengen*, 43 Iowa, 336. The same rule is applicable as well to appeals prosecuted by the State as by the defendant. Code, §§ 4521, 4522.

Other questions raised in the case, involving the regularity and sufficiency of the trial before eleven jurors, cannot be determined, as we cannot entertain jurisdiction of the case.

APPEAL DISMISSED.