STATE OF IOWA, Appellant, v. E. E. ALVERSON.

**Indictment:** EMBEZZLEMENT. An indictment for embezzlement by an attorney, of money entrusted to him by a client, need not set out the kind or character of the money embezzled, under Code, 1873, section 4317, providing that in an indictment for embezzlement it shall be sufficient to allege the embezzlement to have been of money generally, without designating its particular species.

SAME. An indictment alleging that defendant had fraudulently embezzled "the sum of $100.00" of the money received by him as attorney at law, sufficiently states that the value of the property alleged to have been embezzled, exceeds twenty dollars.

**Appeal:** FINAL JUDGMENT. An order sustaining a motion in arrest of judgment filed by one guilty of embezzlement and ordering him to be held to appear before the next grand jury is a final judgment from which the state may appeal.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

FRIDAY, APRIL 8, 1898.

INDICTMENT for larceny. Trial to jury, and a verdict of guilty. Defendant filed a motion in arrest of judgment, which the court sustained, and the state appealed. —*Reversed.*

*Milton Remley*, Attorney General, for the State.

*Hedges & Rumple* and *C. S. Lake* for appellee.

GRANGER, J.—The defendant is an attorney at law, and was in the employ, as attorney, of Rosanna Meritt, executrix of the estate of M. Meritt, deceased; and the indictment is laid under section 3909 of the Code of 1873, as follows: "If any attorney at law, collector or other person, who in any manner receives or collects money or any other property for the use of and belonging to another, embezzles or fraudulently converts to his own use * * * any money or property of another, * * * he shall be deemed guilty of larceny and punished accordingly." The indictment charges that E. E. Alverson, at and within said county, * * * "did then and there, by virtue of his said employment as attorney at law of Rosanna Meritt as executrix of the estate of M. Meritt, deceased, have, receive, and take into his possession as attorney at law as aforesaid, on or about the following dates, to wit." Then follows a statement of different amounts of money received, with dates, and then as follows: "Said sums amounting to a total of $1,474.02; the particular description of said money being to this grand jury unknown; and being the property and moneys of the said Rosanna Meritt as executrix of the estate of M. Meritt, deceased, the said defendant's employer as attorney at law. That on or about the fifth day of February, 1897, and within three years prior to the finding of this indictment, he did then and there unlawfully, feloniosuly, and fraudulently

embezzle and convert to his own use, without the consent of the said Rosanna Meritt as executrix of the estate of M. Merritt, deceased, his employer, the sum of four hundred dollars of the moneys above received by him as such attorney at law, and belonging to Rosanna Meritt as executrix as aforesaid, by means of which the said E. E. Alverson is deemed to have committed the crime of larceny." The objection to the indictment is that there is no allegation that the value of the property alleged to have been embezzled exceeded twenty dollars. There is no such averment in terms, but, if stated in terms, it would be no more conclusively pleaded than it now appears. The indictment surely charges that four hundred dollars of money was embezzled. Had the property embezzled been other than money, its value would have been its worth in money; and in determining the fact of its value there would be no inquiry as to the value of the dollars of money, but the inquiry would be, how many dollars is the property worth? and its value thus fixed would be the lawful value for the purpose of fixing the grade or degree of the crime. "The money of account of this state is the dollar, cent, mill, and all public accounts and the proceedings of all courts in relation to money shall be kept and expressed in money of the above denominations." Section 2075, Code 1873. The foregoing section, were it not otherwise the law, requires the averment as to the value in an indictment to be expressed in dollars or denominations fractional thereof. We do and must assume that the word "money" in the indictments means the same as the word "money" in the statute. To say in an indictment, in effect, that a dollar is of the value of a dollar, would be meaningless, and hence useless. For such purposes the law fixes the value of the dollar of money, makes it the standard of measurement, and to require proof that a dollar is of the

value of a dollar is as unreasonable as to require proof that a pound weighs a pound. A somewhat conclusive test of what should be in the indictment as to the value would be the proof necessary to sustain the indictment. If the proof should be that defendant stole or embezzled one hundred dollars of money, the state surely would not be required to add proof to show that one hundred dollars of money taken was worth one hundred dollars of money. The only basis for argument or criticism against the indictment comes from an express or tacit assumption that what was taken might be of less value than money in its legal sense. We deal now with the averments of the indictment, in which we give the words "money" and "dollar" their statutory meaning, because used to express that meaning. Whether the proofs would sustain the averments might be another question, and might be one of fact.

II. It is further urged that the indictment is insufficient in that it contains no allegation of the kind or character of the property received by defendant, or embezzled by him. The argument indicates that what is meant is that the money should be described as to its kind or character. This is an indictment for embezzlement, so committed as to be deemed larceny and punished accordingly; and, being embezzlement, it comes within the provisions of section 4317, Code 1873, as follows: "In an indictment for the embezzlement or fraudulent conversion of money, it shall be sufficient to allege the embezzlement or fraudulent conversion to have been of money generally, without designating its particular species; and proof that the defendant embezzled, or fraudulently converted, any money or bank notes, will be sufficient to support the averment, although the particular species be not proved." It is difficult to add anything to the conclusiveness of the section itself. The indictment alleges

the embezzlement to have been of money, generally, and the statute says that is sufficient without designating its particular species; that is, it is not necessary to specify it as being gold, silver, or paper. The averment of money, generally, is sufficient. Then the proof must show that it was money of some kind, or bank notes; and such proof supports the general averment as to money, without proving the particular species. We think the indictment sufficiently states the offense.

III. It is said this court is without jurisdiction because there was no final judgment in the case. The record shows that the court sustained the motion in arrest of judgment, and ordered the defendant held to appear before the next grand jury. The ruling on the motion put an end to all proceedings on that indictment. But for the order requiring him to be held for appearance before the next grand jury, a discharge would have followed the ruling on the motion. In fact, the ruling did operate to discharge the defendant from further prosecution in the pending case, and it was a final adjudication of the rights of the parties in that action, and hence it was a judgment. Section 2849, Code 1873. We assume from the abstract that the records of the district court show the order sustaining the motion, and also the order committing the defendant to bail to await further action by the grand jury. As it was a final adjudication in this case in the district court, it was a judgment, in legal contemplation. The legal effect of the ruling was that no cause of action existed, and that was determinative of every question involved on the trial. No particular form is necessary to a judgment. *Taylor v. Runyon*, 3 Iowa, 474. If the record entry is such that the law, when applied to it, grants or denies the relief sought, it is a judgment. In this case the law gives such effect to the record entry as to discharge the defendant

from further appearance to the indictment. That it is the duty of the court to order the defendant discharged, where the facts stated in the indictment do not constitute a punishable offense, when not held for further appearance, see Code 1873, section 4450. Our conclusion is that the court erred in sustaining the motion in arrest of judgment, and its action in so doing is REVERSED.