[Crim. No. 1269. Third Appellate District.—July 14, 1933.]

THE PEOPLE, Respondent, v. AXEL STRATTON, Jr., Appellant.

Axel Stratton, Jr., *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On October 2, 1931, the district attorney of Stanislaus County filed an information in the superior court of that county against the defendant, in four counts. Count one charged the defendant with the crime of robbery committed in the county of Stanislaus on or about the twenty-fifth day of August, 1931. Counts two and three charged the defendant with the crime of burglary committed at different times in the county of Stanislaus. Count four charged the defendant with having been convicted of a felony in the state of Nevada and having served a term therefor in the state penitentiary of the state of Nevada. Count one simply charges the crime of robbery. Counts two and three simply charge the offense of burglary. There is nothing in any of the counts contained in the information from which it can be determined whether the offenses charged are of the first or second degrees.

Upon arraignment the defendant entered a plea of guilty to each of the charges contained in the information. The

record shows that after the defendant had entered his plea of guilty to each of the charges contained in the information, the following occurred: "The Court: I will have now to determine the degree of the crime. Mr. Fowler, do you make any point on that? Mr. Lehane: As far as the defendant is concerned it will be first degree." This proceeding was had in relation to count one charging the defendant with the crime of robbery. No testimony was taken to determine the degree, and no evidence was introduced showing whether the offense charged was accomplished through torture, or at a time when the defendant was armed with a deadly or dangerous weapon.

Section 211a of the Penal Code, defining the offense of robbery, reads as follows: "All robbery that is perpetrated by torture or by a person being armed with a deadly weapon, is robbery in the first degree. All other kinds of robbery are of the second degree."

The court, just preceding the pronouncing of sentence upon the defendant, and as a part thereof, made the following findings: "That the degree of robbery as set forth in the first count of the information, is robbery in the first degree. That the degree of burglary, as set forth in the second count of the information, is burglary in the second degree. That the degree of burglary as set forth in the third count of the information, is burglary in the second degree." The court then sentenced the defendant in the following language, so far as pertinent here: "That whereas, the said Axel Stratton, true name, Axel Stratton, Jr., having been duly convicted in this court of the crime of robbery, a felony, as charged in the first count of the information, and it being determined that said crime is robbery in the first degree: It is therefore ordered, adjudged and decreed that the said Axel Stratton, true name Axel Stratton, Jr., be punished by imprisonment in the State Prison of the State of California, at Folsom." This was followed by sentences upon the two counts charging the defendant with burglary in the second degree. No question is made upon this proceeding as to the correctness of the sentence pronounced by the court following the plea of guilty, as to counts two and three charging the defendant with the offense of burglary.

The proceedings referred to were all had upon the second day of October, 1931. No appeal was taken by the defendant from the judgment so pronounced upon him.

On the eighteenth day of May, 1933, the defendant gave notice that on the twenty-fifth day of May, 1933, at 10 o'clock A. M. of said day, in the courtroom of said court, he would move the court to vacate, annul and set aside the judgment pronounced against him on the second day of October, 1931. Three grounds were alleged as the basis for the defendant's motion, as follows, to wit: 1. That the court pronounced a higher and different punishment than that prescribed by law on count one of the information, etc. That without any evidence to prove the degree of robbery, the court fixed the degree of robbery as first degree, contrary to the provisions of section 1097 of the Penal Code. 2. That the judgment imposed by the court is without due process of law, and without equal protection of the laws. That the judgment on count one is void and uncertain, and cannot be executed, in that the commitment is for robbery in the first degree, with one prior conviction, without evidence to show whether the offense became first degree as a result of torture, or the use of a deadly weapon. And that under the provisions of section 1168 of the Penal Code, the minimum time of punishment for robbery differs when accomplished through torture, from that fixed when the offense is accompanied by the use of a deadly weapon. 3. That the sentence is neither definite nor certain. And further: that the court did not fix a maximum term in accordance with the provisions of section 671 of the Penal Code. This motion was denied, and from the order of the court denying such motion, this appeal is prosecuted.

As reasons for reversal, our attention is first called to section 1018 of the Penal Code, which specifies that: "A plea of guilty can be put in by the defendant himself only in open court," etc. This precise question does not appear to have been passed upon directly by any of the California cases called to our attention. Prior to the adoption of section 4½ of article VI of the Constitution, it has been held that a plea of not guilty cannot be entered by an attorney for a defendant.

In the case of *People* v. *Tomsky*, 20 Cal. App. 672 [130 Pac. 184], this court had before it an instance where a plea

of not guilty was entered by counsel in the presence of the defendant, and after reviewing the various decisions having to do with the authority of counsel so to do, came to the conclusion that under the constitutional provisions to which we have referred, the entry of such a plea by counsel for the defendant rather than by the defendant himself, constituted only an irregularity not justifying the reversal. A hearing in this case was denied by the Supreme Court. The basis for the holding in the Tomsky case really is in the provision of the law that if a defendant stands mute, the court may enter a plea of not guilty. In other words, the whole proceeding is had upon the theory that the defendant is not guilty, and that in law such a plea is entered in his favor and the trial then proceeds to determine whether such defendant is or is not in fact guilty.

The provisions of section 1018, *supra,* appear to be mandatory, and we have no reason to conclude that the legislature intended that it should be otherwise construed. It appears to be a personal privilege which the defendant may exercise and waive the formality of a trial which the law otherwise accords him. ■ The question then occurs: Was the requirement of section 1018 violated? We think not. The defendant in this case, the record shows, personally entered a plea of guilty to the charge of robbery. That plea included everything which might be determined by the court as to whether it was first or second degree. ■ This, however, is not determinative of the issues here involved. As we have stated, the counsel for the defendant, when the court queried as to the degree, replied: "As far as the defendant is concerned, it will be first degree." That is not a plea of guilty; it was only counsel's opinion as to the offense being robbery in the first degree. No facts were placed before the court as to whether the offense was accomplished through torture or in the commission of the offense the defendant was armed with a deadly weapon. The finding of the court, as we have stated, was only that the offense of robbery was of the first degree. Nothing is stated as to the accompanying conditions. This leaves an indefinite and uncertain basis for the board of prison terms and paroles upon which to base the term of years that the defendant should serve in the state prison. Section 1168 of the Penal Code as amended in 1931, fixing certain mini-

mum penalties, provided as follows: "Subdivision b of subdivision 2 reads as follows: 'For a person previously convicted of a felony either in this state or elsewhere, and armed with a deadly weapon either at the time of the commission of the offense, or a concealed deadly weapon at the time of his arrest, ten years.' Subdivision c of subdivision 2 reads: 'For a person previously convicted of a felony, either in this state or elsewhere, but not armed with a deadly weapon at the time of the commission of the offense, or a concealed weapon at the time of his arrest, five years.'"

In order that the minimum term of sentence should be definitely fixed and the requirements of section 1168, *supra*, be complied with, the judgment of the trial court should have specified therein whether the offense of robbery was accompanied by torture, or whether the defendant at the time was armed with a deadly weapon.

While under the provisions of the code, and especially of the provisions of section 1239 of the Penal Code, the alleged defects in the judgment in this case might have been remedied upon appeal, it appears that the procedure adopted in this case has been twice approved in this state, once in the Supreme Court, in the case of *People* v. *Walker*, 132 Cal. 137 [64 Pac. 133], where no appeal was prosecuted, and after the pronouncement of the judgment a motion was made to set it aside on account of its invalidity. The motion was denied and from the order denying the motion, an appeal was prosecuted and the order of the trial court reversed. The second case is that of *People* v. *Paraskevopolis*, 42 Cal. App. 325 [183 Pac. 585], in which this court approved the procedure had in the instant case. There, it appears that on the first day of October, 1917, the defendant entered a plea of guilty to the charge of murder. The court, without taking any testimony to ascertain the degree, pronounced judgment upon the plea so entered by the defendant. Thereafter, and on the first day of October, 1918, being slightly over a year after the pronouncement of judgment, the defendant moved to vacate and set aside the judgment pronounced upon his plea of guilty. This court, after reviewing the cases holding that under the requirements of section 1192 of the Penal Code it is the duty of the trial court to take evidence in order to determine the degree of the offense, reversed the order of the

trial court and remanded the cause for further proceedings in accordance with the opinion in that case. The court held that no testimony being taken to determine the degree of the offense to which the defendant had pleaded guilty, the judgment is not a legal judgment and is subject to be set aside upon motion. The opinion prepared by Mr. Justice Hart, reviewing the cases holding that it is obligatory upon the court to take testimony in order to determine the degree of the offense to which the defendant has pleaded guilty, is so full and complete that further consideration of that question on our part is unnecessary. The two California cases which we have cited do not, however, authorize the discharge of the defendant even in cases where the defendant has pleaded guilty to only one count in an information. The holding in both cases is to the effect that the cause should be sent back to the trial court and proceedings had therein for taking testimony to determine the degree of the offense, and again pronouncing sentence. That this is the direct procedure is likewise supported in all *habeas corpus* cases where the judgment pronounced is found to be invalid, in support of which we cite the following: *In re Lee,* 177 Cal. 690 [171 Pac. 958]; *In re Stroff,* 132 Cal. App. 351 [22 Pac. (2d) 770]. Likewise, in cases prosecuted upon appeal. (See *People* v. *O'Brien,* 122 Cal. App. 147 [9 Pac. (2d) 902; *People* v. *Scott,* 39 Cal. App. 128 [178 Pac. 298].)

The defendant in this case having pleaded guilty of robbery, his plea of guilty is either first or second degree robbery, as the court might determine upon the evidence presented to it, and if guilty of first degree robbery, it was accomplished either by means of torture or at a time when the defendant was armed with a deadly weapon. To determine these facts, evidence should be taken in the trial court, and for such purpose the order is reversed in so far as the motion of the defendant is directed to the sentence based upon the count in the information charging the defendant with the crime of robbery, and the cause remanded to the trial court with directions to take such proceedings as may be necessary to bring the defendant before it for the purpose of again pronouncing sentence upon the defendant after taking testimony upon a hearing had in the presence of the defendant, determining the facts

and circumstances accompanying the commission of the offense, and stating in the judgment, if found to be robbery in the first degree, whether it was accomplished by means of torture or whether the defendant was armed with a deadly weapon. In all other respects the order of the trial court is affirmed.

Other questions have been presented by the appellant, but their consideration here is not deemed necessary in the determination of the issues involved.

Pullen, P. J., concurred.