[Crim. No. 1378.  Third Appellate District.—July 30, 1934.]

THE   PEOPLE,   Respondent,   v.   CONRAD   MILLER, Appellant

Conrad Miller, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This cause is before us upon the respondent's motion to dismiss the appeal or affirm the judgment appealed from.

The defendant was tried and convicted in the Superior Court of San Joaquin County upon an information charging him with three separate burglaries, and also charging that the appellant had been twice convicted of felonies, and upon each conviction had served a term in the state penitentiary.

The record before us shows that upon being arraigned upon the information, and asked to plead as to the three charges of burglary, the defendant made no answer. His attorney answering for him stated that the defendant pleaded not guilty.

As to the charges of having suffered two prior convictions and served two terms in the state penitentiary, it appears that the appellant's counsel made the following statement: ''Your Honor, the defendant acknowledges that he has been convicted of these other two charges, but pleads not guilty to the present charge.'' The court ordered the pleas entered and the cause went to trial and resulted in the conviction of the defendant upon the three charges as above stated. Following the conviction the defendant was sentenced under the provisions of section 644 of the Penal Code providing for the punishment of habitual criminals.

It appears that the record in this cause as originally entered did not set forth correctly the manner in which the pleas just referred to were entered. Upon motion of the

defendant the minutes were corrected setting forth the manner of the entry of the pleas, as we have just stated. Upon the correction of the minutes, the appellant made a motion to vacate the judgment for the reason that the provisions of section 1018 of the Penal Code, which specifies that pleas of guilty only can be entered by the defendant, had been violated. This motion being denied, the defendant appeals.

Subdivision 3 of section 1237 of the Penal Code provides that an appeal may be taken from any order made after judgment affecting the substantial rights of the party. The motion to dismiss is made upon the theory that the questions presented might have been considered upon an appeal from the judgment, and therefore, under the decision of the court in the case of *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120], an appeal from the order denying the defendant's motion does not lie. The record shows, however, in these cases that an appeal from the judgment would not have presented the question tendered for our consideration. It was necessary first to make a motion to correct the minutes in order that the grounds of the motion to vacate the judgment be made to appear, just as is shown by the decision in the case of *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133].

The case relied upon by the People is based upon the language of the court found in *De la Montanya* v. *De la Montanya,* 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]. The court there said: "It is also claimed that no appeal lies from this court from an order refusing to set aside the judgment because the judgment was appealable. To this proposition many decisions of this court are cited. I do not care to review these cases. No doubt it has been held, and I think correctly, that when a motion is made to vacate an order under such circumstances that it merely calls upon the court to repeat or overrule the former ruling on the same facts, the last order is not appealable," etc.

The circumstances presented here are readily distinguishable from the circumstances appearing in the cases relied upon by the respondent. Here, as we have stated, the questions presented could not have been shown by the record by appealing from the judgment, nor is the court asked in this proceeding to pass upon any issues formerly presented to it

in this cause. That such a motion will lie, and that an appeal therefrom will be entertained appears by the decision of the court in *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174]. The latest case on the question here being considered is that of *People* v. *Godfrey,* 100 Cal. App. 91 [279 Pac. 1030]. There, it was explicitly held (quoting from the syllabus), as follows: "An order denying a motion to vacate a judgment of conviction is appealable under section 1237 of the Penal Code permitting an appeal to be taken by defendant from any order made after judgment affecting his substantial rights." A hearing in the Supreme Court, after judgment in the District Court of Appeal, was denied.

Without further citing authorities we are satisfied that the respondent's motion to dismiss the appeal should be and the same is hereby denied.

Should the judgment be affirmed? In so far as the plea of not guilty is concerned, the case of *People* v. *Tomsky,* 20 Cal. App. 672 [130 Pac. 184], appears to afford a complete answer. In that case it was held in an elaborate opinion prepared by Mr. Justice Hart, that the entry of a plea of not guilty by the defendant's attorney being present in court, and the court ordering the plea entered and trial proceeding thereon on the theory that the defendant had entered a plea of not guilty, put upon the People the necessity of proving the charge against him. The form of entering the plea not affecting his substantial rights amounted only to an irregularity, and if under section 4½ of article VI of the Constitution it did not appear that there had been a miscarriage of justice, reversal would not be had because the plea of not guilty had been entered through defendant's counsel instead of by himself personally. A hearing of this cause in the Supreme Court was denied. While not mentioned in the Tomsky case, *supra,* section 1018 of the Penal Code makes no reference to the manner in which a plea of not guilty may be entered. It is only in instances where pleas of guilty are entered that such pleas must be entered by the defendant himself.

The question then recurs,—Has the plaintiff lost any of his substantial rights by reason of his counsel answering as to the two prior convictions instead of the answers thereto being made by the defendant himself? While no case has

been called to our attention making any distinction between pleading to a substantive charge of criminality upon which a defendant is about to be tried, and a count in an information or indictment setting forth prior convictions, we are of the opinion that there is a decided distinction between the two, and that while it would be mandatory as we have stated in the case of *People* v. *Stratton, supra,* on a plea of guilty to the substantive charge upon which a defendant was arraigned, that the defendant himself, if he desired to waive the trial, must personally enter a plea of guilty, and that such a plea could not be entered for him. The counts setting forth prior convictions do not place the defendant upon trial as to whether he was actually guilty of the offenses for which he suffered prior convictions and served terms in a penitentiary. The charges of prior convictions have nothing to do with the guilt or innocence of the defendant in relation to the charge upon which he is about to be tried, nor do the counts setting forth prior convictions raise any issue or issues as to whether the defendant was guilty of the charges resulting in the prior convictions. The ascertainment of whether prior convictions have been had and terms served is set forth in the statute, we think, simply to guide the court or the sentence fixing body, with the term of imprisonment to be inflicted. If the record shows that no miscarriage of justice has followed from the manner in which such facts were ascertained, we think section 4½ of article VI of the Constitution applies, and no reversals should be made. ▮ In this particular the record before us shows the following: Prior to the pronouncement of sentence the defendant was sworn, placed upon the stand, testified that he had served a term in San Quentin, having been sent there from the county of Los Angeles on a conviction of receiving stolen property; that he had also served a term in Folsom for the crime of burglary committed in the county of Kern, and sent to Folsom from said county; that the defendant was discharged from Folsom in August, preceding the trial of this cause, which was had the following February. It also appears from the record that the prisoner testified that he had served a term in jail in San Bernardino County; that from the time he was discharged from San Quentin, only about five or six months elapsed before he was convicted of burglary and sent to Folsom.

The foregoing facts in relation to the defendant's prior convictions and serving of terms in state penitentiaries therefor are substantiated by his own testimony given under oath.

In the case of Stratton, *supra,* it appears that no testimony was taken by the court, as required by section 1192 of the Penal Code to determine the degree of the offense committed by the defendant, and that the opinion of an attorney could not be substituted for proof.

In the instant case the fact of prior convictions stated by counsel for the defendant was substantiated by sufficient proof set forth in the defendant's testimony.

The circumstances of the instant case appearing in the record which we have set forth, we think distinguishes it clearly and takes it out from under the ruling had in the case of *People* v. *Stratton, supra,* and other cases relied upon by the appellant.

It clearly appearing that there has been no miscarriage of justice, the order denying the appellant's motion to vacate the judgment heretofore rendered against him is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1934.