[Crim. No. 2206.   First Dist., Div. One.   Dec. 9, 1941.]

THE PEOPLE, Respondent, v. FRANK ZOLOTOFF, Appellant.

Ernest Spagnoli for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

KNIGHT, J.—Appellant was arraigned in the municipal court upon a complaint charging him with having committed the crime of first degree robbery. He was represented by counsel, pleaded guilty to the charge, and in conformity with the provisions of section 8 of article I of the state Constitution and section 859a of the Penal Code the proceeding was certified to the superior court. On December 29, 1937, his counsel being present, he was duly arraigned for sentence in the superior court and stated that he had no legal cause to show why sentence should not be pronounced; whereupon he was sentenced to imprisonment in the state prison and committed to the custody of the warden. No appeal was taken; but three and a half years later and on June 12, 1941, he presented a motion in the superior court to set aside and annul the judgment upon the ground that it was void. The motion was heard and denied, and from the order of denial this appeal was taken.

Appellant concedes that the proceedings so had in the municipal and superior courts conformed to all of the requirements of the 1934 amendment to section 8 of article I of the state Constitution and of section 859a of the Penal Code enacted in 1935 pursuant to said constitutional amendment; but it is contended that the adoption of said constitutional amendment and the enactment of the code section did not change the then existing law, and that it is still necessary in all felony cases to proceed against the accused in the superior court either by way of information filed by the district attorney, after examination and commitment by a magistrate, or by indictment with or without such examination and commitment. The basis of appellant's contention is that in amending said section 8 of article I in 1934 there was included in the section as amended, as the opening sentence thereof, the first sentence of said section as it stood prior to its amendment. Appellant's second and alternative point is that if the 1934 amendatory portion of said section 8 of article I and the provisions of Penal Code section 859a are operative, they contravene the due process clause of the fourteenth amendment to the federal Constitution.

The preliminary question has arisen as to whether the order denying appellant's motion is appealable. The general rule is "that while an appeal may be taken from an order after judgment affecting the substantial rights of appellant the party who has the right of appeal from a judgment is not permitted to move to set it aside and then appeal from an order denying the motion." (*People* v. *Birdsell,* 21 Cal. App. (2d) 682 [70 Pac. (2d) 231], citing *People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411]; *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]; *People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268]; *People* v. *Swift,* 140 Cal. App. 7 [34 Pac. (2d) 1041]; and *People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848].) To these cases may be added *People* v. *Carkeek,* 35 Cal. App. (2d) 499 [96 Pac. (2d) 132]; *People* v. *Simms,* 41 Cal. App. (2d) 466 [107 Pac. (2d) 86]; *People* v. *Simpson,* 41 Cal. App. (2d) 526 [107 Pac. (2d) 262]; and *People* v. *Bagasol,* 22 Cal. App. (2d) 327 [70 Pac. (2d) 970].) However, the courts have recognized certain exceptions to the general rule. For example, it has been held that an order denying a motion to vacate and annul a judgment of conviction is appeal-

able where the question raised by the motion to vacate and annul the judgment could not have been presented by the record on an appeal from the judgment. (*People* v. *Miller*, 140 Cal. App. 241 [35 Pac. (2d) 229].) Obviously this case does not fall within that exception because the question involved is presented by the judgment roll, which would have formed part of the record on an appeal taken from the judgment. Then again it has been held that an order denying such a motion is appealable where the judgment is "void on the face of the record." (*People* v. *Flohr*, 30 Cal. App. (2d) 576 [86 Pac. (2d) · 862].) In that situation, says the court in the case just cited, the judgment "may be attacked either by appeal from the judgment or by motion to vacate the judgment; that both remedies are not available in the same case; 'that where a judgment is not void or illegally entered, but is merely erroneous, an order denying a motion to vacate the same is not reviewable when the same points might have been presented upon an appeal from the judgment.' " (Citing *People* v. *Ramirez, supra,* and *People* v. *Birdsell, supra.*)

██ Assuming that by reason of the two constitutional contentions here urged the present case may be treated as one involving the question of whether the judgment is void on its face, we find no merit in either of the contentions so urged by appellant. With respect to the first, it is a well settled rule of interpretation that constitutions, like laws, must be so construed that full force and effect shall be given to every portion thereof. The legal intendment is that each and every sentence and clause has been inserted for some useful purpose, and when rightly understood has some practical operation. ██ In order to ascertain the true meaning, sections and sentences are not to be read by themselves, but as a part only of the whole. Each provision must be read with direct reference to every other which relates to the same subject, and so read, if possible, as to avoid repugnancy and conflict. To that end sections, paragraphs, and sentences may be transposed, elegance of composition sacrificed, and verbal discrepancies disregarded. ██ Moreover, in order to determine clearly the meaning of a constitutional provision, not only should the context be considered, but the words, phrases, and sentences thereof must be construed in contemplation of their fundamental purpose and object, and

the provisions considered with reference to their history, the prior state of the law, the conditions existing prior to their adoption, and the evils intended to be remedied. (5 Cal. Jur. pp. 583, 586, 591, 592.) ██ Construing section 8 of article I as amended in the light of the foregoing rules, it is perfectly clear that by adopting the amendatory portion thereof the electorate of the state intended to and did establish a procedure which would do away with unnecessary delays and expense in disposing of felony cases wherein the accused desired to enter a plea of guilty. As will be noted from a reading of the amendatory portion of said section 8, the procedure established thereby may not be invoked where the felony charged is punishable by death, nor in other cases where the accused is not represented by counsel, or without the consent of the magistrate and the district attorney or other counsel for the people. Consequently in order to take care of those excepted classes of cases it became necessary to include in section 8 of article I as amended the provisions of said section as they stood prior to the amendment; otherwise there would have been an absence of constitutional authority for the bringing of such cases before the superior court for final disposition. It will be seen, therefore, that the separate provisions of said section 8 as amended are neither conflicting nor contradictory, but on the contrary are fully operative. ██ Nor can we agree with appellant's claim that the 1934 amendatory portion of said section 8 conflicts with section 5 of article VI of the state Constitution, which in part declares that superior courts shall have original jurisdiction "in all criminal cases amounting to felony . . . " for the reason that under the procedure established by the amendatory portions of section 8 the superior court is granted full power and jurisdiction to dispose of the case the same as it would have had "if such defendant had pleaded guilty in such court."

██ Appellant's second point is entitled to little more than passing notice. As held by the Supreme Court of the United States on numerous occasions, the due process clause of the fourteenth amendment to the federal Constitution should not be so construed as to interfere with the state in its enactment and local administration of the criminal law, nor to confine it to any special mode of proceeding, so long as said law, as enforced by the state, affords equal protection to all per-

sons within its jurisdiction, similarly situated, and is not violative of the fundamental and inalienable rights that are essential to the protection of life, liberty and property. (See cases discussed in *Hurtado* v. *California*, 110 U. S. 516 [4 Sup. Ct. 111, 292, 28 L. Ed. 232], cited in *People* v. *Troche*, 206 Cal. 35 [273 Pac. 767]; see also *Howard* v. *Kentucky*, 200 U. S. 164 [26 Sup. Ct. 189, 50 L. Ed. 421].) No contention is made here that the enactments in question do not afford equal protection to all persons within the jurisdiction of the state, similarly situated; and appellant has presented no argument to substantiate his claim that said enactments are violative of any fundamental or inalienable rights. The single case cited by him in support of his second point is *Albrecht* v. *United States*, 273 U. S. 1 [47 Sup. Ct. 250, 71 L. Ed. 505], which is to the effect that a person may not be punished for a crime without a formal and sufficient accusation even though he voluntarily submits to the jurisdiction of the court. Such is the undisputed law in all jurisdictions; but here, as will be observed from reading section 8 of article I of the Constitution and Penal Code section 859a, both require the filing of a formal and sufficient accusation, and admittedly such an accusation was filed in the present case.

The order is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 7, 1942.