STATE OF IOWA, appellee, v. FLOYD YOUNG, appellant.

No. 50849.

(Reported in 122 N.W.2d 847)

JULY 16, 1963.

Anthony M. Critelli, of Des Moines, for appellant.

Evan Hultman, Attorney General, William J. Yost, Assistant Attorney General, and Harry Perkins, Jr., Polk County Attorney, for appellee.

STUART, J.—The defendant was arrested May 21, 1962, and entered a plea of guilty to the charge of incest on a county attorney's information June 8, 1962. Time for sentence was waived and judgment was entered the same date sentencing him to 25 years in the State penitentiary. Defendant does not question the formal regularity of the proceedings.

On July 7, 1962, the defendant, while confined in the penitentiary at Fort Madison acting pro se served and filed a notice of appeal from the judgment entered June 8. On August 25

defendant filed an application for the appointment of counsel to assist in the appeal, which application was set down for hearing September 6, 1962. On the fourth day of September while the application was pending, the defendant pro se filed a "Motion to Arrest and Vacate Judgment" alleging the trial court did not have jurisdiction at the time of judgment as he had been denied due process and equal protection of the law.

On September 6, 1962, defendant's present counsel was appointed to represent him. The Motion to Arrest and Vacate Judgment was amended orally to specify that defendant had been deprived of prescribed medication while in jail and was not in full control of his mental and physical abilities at the time he entered his plea and did not realize the full import of his action. By further oral amendment defendant complained he did not have the opportunity to confer at length with his counsel and was not in full possession of his faculties when he did confer with him.

Evidence was taken on the issues raised in the Motion to Arrest and Vacate Judgment. The trial court, which was the same Judge who accepted the plea of guilty, overruled the motion. No other notice of appeal was served but the record contains the evidence introduced at the hearing on the motion and the case is presented to this court by the defendant on the trial court's ruling on the motion.

■  I.  The State claims the trial court lacked jurisdiction to consider the motion as no further proceedings can be inaugurated in the trial court after an appeal has been taken. We agree. The case of State v. McKillop, 241 Iowa 988, 42 N.W.2d 381, certiorari denied 340 U. S. 932, 71 S. Ct. 494, 95 L. Ed. 672, cited by the State is directly in point.

In the McKillop case the defendant entered a plea of guilty on a county attorney's information June 16, 1949. Time for sentence was waived and judgment of conviction was entered the same day. A Notice of Appeal signed by attorneys was served and filed June 25, 1949. On September 21, 1949, defendant through his attorneys filed a "Motion to set aside judgment, to withdraw the plea of guilty, to enter a plea of not guilty, and for a new trial" on the grounds he had been deprived of due

process and various constitutional rights and had been induced to plead guilty by misrepresentations and duress.

The statements of the court in the McKillop case are applicable to the instant case. We said at pages 990, 991 of 241 Iowa:

"No appeal has been taken from this order overruling defendant's motion. It was made October 3, 1949. The only appeal taken was the one of June 25, 1949 (over three months earlier), when there had been no objection to the procedure nor any attack made on the validity of the judgment appealed from. The printed 'record' (abstract) filed November 25 however sets out the subsequent motion and attached affidavits and the trial court's informal ruling thereon.

"I.   It is manifest there is nothing here upon which we can pass. The judgment of conviction appealed from was unimpeached and upon its face unimpeachable when rendered. The record to that date and to date of appeal revealed no error and no complaint of any ruling leading up to the final judgment. The motion attacking it was made practically three months after the appeal was taken, and after defendant was committed to the State penitentiary.

"We know of no authority for this procedure. It seems too clear for any argument that after appeal is taken further proceedings cannot be inaugurated in the trial court as the basis for such appeal. Appellant may not then for the first time reveal to the trial court the matters which he claims render the judgment erroneous.

"II.   Moreover, assuming the later ruling had been appealed from, the belated attempt in the trial court to attack the validity of the judgment was properly overruled. In a case in which defendant moved in the trial court for a new trial after having appealed, this court said: 'Of this it is sufficient to say that, at the time this motion was filed, the case had been removed to this court by the defendant's appeal, and it was not within the jurisdiction or authority of the district court to recall it or to assume the right to order a new trial.' " (Citations) We reaffirm this holding.

II.   The motion could have been dismissed on the grounds that it was not timely. Chapter 788 of the Code of

Iowa authorizes a "motion in arrest of judgment" but provides in section 788.2 that it "may be made at any time before or after judgment, during the same term." We held in State v. Harper, 220 Iowa 515, 525, 258 N.W. 886, a motion in arrest of judgment must be filed within term time. In the instant case judgment was entered during the May term of court. The July term went by without any action and the motion was filed on the first day of the September term. It therefore was not timely and the motion could have been dismissed for this reason.

III. Assuming the court's ruling on the motion constitutes a final judgment from which an appeal could be taken, this court would have no jurisdiction because defendant neither served nor filed a notice of appeal from the trial court's ruling.

IV. In spite of all the procedural bars to our consideration of this case on its merits, we have examined the record and also find ample evidence to support the trial court's ruling on this basis. The defendant was represented by able counsel of his own choosing who has had extensive criminal trial experience. The record fails to support his claim that he was deprived of needed medication or that he was physically or mentally incapable of appreciating the consequences of his plea of guilty. There is no evidence of coercion or duress on the part of the State.—Affirmed.

All JUSTICES concur.