STATE OF IOWA, appellee, v. BRUCE KLINGER, appellant.

No. 52083.

JULY 14, 1966.

Alanson K. Elgar and Gary L. Wiegel, both of Mount Pleasant, and Dailey & Dailey, of Burlington, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett and Robert B. Scism, Assistant Attorneys General, and Harold F. McLeran, County Attorney, of Mount Pleasant, for appellee.

GARFIELD, C. J.—On June 30, 1965, defendant was indicted for breaking and entering a store in Mount Pleasant in violation of section 708.8, Code, 1962, and for larceny in the nighttime of property valued at $859.70 in violation of section 709.4. He filed a motion to suppress all evidence of statements made by him to two police officers on June 2 on the grounds he was then denied his right to counsel and the statements were not given voluntarily.

Following a hearing on the motion at which the officers, defendant and his father testified, the court filed long findings of fact and conclusions of law adverse to defendant's contentions and an order overruling the motion. The hearing was held and ruling made pursuant to procedure outlined in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed.2d 908, 1 A. L. R.3d 1205, and followed, subsequent to the ruling here, by us in State v. Holland, 258 Iowa 206, 214, 138 N.W.2d 86, 90, 91. From this ruling defendant has appealed.

The State asks us to dismiss the appeal for lack of jurisdiction and as premature. The request must be sustained. Chapter 793, Code, 1962, governs appeals in criminal cases. Section 793.2 thereof provides, "An appeal can only be taken from the final judgment * * *." The statute is plain and

leaves nothing for judicial construction. It is clear the order overruling defendant's motion is not the final judgment. Hence defendant's appeal does not lie and it is our duty to dismiss it. State v. Anderson, 245 Iowa 99, 101, 60 N.W.2d 794, 795, 796, and citations; State v. Addison, 250 Iowa 712, 715, 95 N.W.2d 744, 746; State v. Doerflein, 252 Iowa 947, 107 N.W.2d 439, certiorari denied 368 U. S. 850, 865, 82 S. Ct. 83, 112, 7 L. Ed.2d 48, 62.

State v. Archer, 244 Iowa 1045, 1061, 58 N.W.2d 44, 52, holds refusal to admit a confession in evidence was not a final judgment from which the State could appeal. Both the Anderson and Addison cases, supra, hold section 793.2 applies to appeals by the State as well as to those by defendant. The ruling here is also as to admissibility of evidence—mainly evidence that defendant told police officers "I am guilty." See also annotation, 133 A. L. R. 934.

■■ "Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' [citations]." Berman v. United States (Hughes, Ch. J.), 302 U. S. 211, 212, 213, 58 S. Ct. 164, 166, 82 L. Ed. 204, 205. To like effect is Northern v. United States, 6 Cir., Tenn., 300 F.2d 131, 132.

Cobbledick v. United States, 309 U. S. 323, 325, 326, 60 S. Ct. 540, 541, 84 L. Ed. 783, 785, opinion, without dissent, by Frankfurter, J., persuasively points out the basic reasons for allowing appeals by defendants in criminal cases only from final conviction. Among them are that "the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice" and "encouragement of delay is fatal to the vindication of the criminal law." The court's conclusion is, "The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal. Cogen v. United States, 278 U. S. 221 [73 L. Ed. 275, 49 S. Ct. 118]."

The Cogen opinion, supra (Brandeis, J.), clearly holds, without dissent, that a motion to suppress evidence in a criminal case "is but a step * * * preliminary to the trial thereof. * * * In all such cases the order made on the motion is interlocutory merely" (page 227 of 278 U. S., page 120 of 49 S. Ct., page 282 of 73 L. Ed.).

■ The Cogen case also answers. such a contention as this defendant advanced in oral argument, without citation of authority, that the trial court's order is final as to admissibility of the evidence sought to have suppressed by pointing out that the evidence may be excluded upon the trial although the preliminary motion was denied. Also that admission of the evidence at the trial may of course be assigned as error upon appeal from the final judgment (page 224 of 278 U. S., page 119 of 49 S. Ct., page 281 of 73 L. Ed.). See also the annotation to the Cogen opinion in 73 L. Ed. 276 et seq.

United States v. Stephenson, 96 App. D. C. 44, 45, 223 F.2d 336, 337, dismisses an appeal by the government from an order suppressing evidence without which the prosecution could not succeed. The opinion points out, "The District Court may decide to admit, at the trial, the evidence it has suppressed before trial." So here, the State may not offer on the trial, or the court may not—as just suggested—admit, the. evidence it declined to suppress.

■ Finally, DiBella v. United States, and United States v. Koenig, 369 U. S. 121, 82 S. Ct. 654, 7 L. Ed.2d 614, one opinion by Frankfurter, J., carefully reviews prior decisions of the supreme court and other courts, affirms the Cogen and Cobbledick opinions, supra, again points out the wisdom of disallowing piecemeal review of orders in criminal cases which are not final judgments and holds orders granting or denying suppression of evidence are truly interlocutory for purposes of appeal even though the motions to suppress are filed before indictment.

Other recent holdings that such an order as made here is not appealable include State v. Collins, 270 Minn. 581, 132 N.W.2d 802, 804, and State v. Zachte, 69 S. D. 519, 12 N.W.2d 372. See also State v. Davis, 77 S. D. 87, 86 N.W.2d 174.

In 24 C. J. S., Criminal Law, section 1644, pages 996, 997 (1961), accurately states, "Orders made during the pendency of

a criminal action denying motions to * * * suppress evidence illegally obtained * * * are interlocutory and not appealable."

We have held several times in civil cases that a final judgment or decision is one which finally adjudicates the rights of the parties and may be enforced by execution or in some other appropriate manner. In re Estate of Swanson, 239 Iowa 294, 305, 31 N.W.2d 385, 391; Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 112; Crowe v. DeSoto Consol. School Dist., 246 Iowa 38, 40, 66 N.W.2d 859, 860; Employers Group of Ins. Cos. v. Villhauer, 254 Iowa 391, 394, 118 N.W.2d 38, 40.

This definition is similar to that applied to both criminal and civil cases in Berman v. United States, supra, 302 U. S. 211, 212, 213, 58 S. Ct. 164, 166, 82 L. Ed. 204, 205, Northern v. United States, supra, 6 Cir., Tenn., 300 F.2d 131, 132, and other precedents. We see no reason why the definition we have approved so often in civil cases does not apply here. It is obvious this order is not within the definition.

This appeal has resulted in unreasonable delay of nearly a year in the disposition of the case. The record was not filed until six months after the appeal was taken although it could easily have been prepared within two or three days after the transcript of the evidence was available. The nature of the ruling appealed from was not called to our attention until shortly before the appeal was submitted and we then denied a request to delay submission another three months. Following dismissal of the appeal and remand to the trial court which we now order, the case should proceed to final determination without further unreasonable delay.

Costs of the appeal are taxed to appellant.—Appeal dismissed.

All JUSTICES concur.