STATE OF IOWA, appellee, v. LYLE ELLIOTT SNOOK, appellant.

No. 52147.

(Reported in 146 N.W.2d 252)

NOVEMBER 15, 1966.

REHEARING DENIED MARCH 7, 1967.

Joseph L. Phelan, of Fort Madison, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Thomas E. Tucker, of Fort Madison, Deputy County Attorney, for appellee.

BECKER, J.—On September 30, 1965, defendant was accused by county attorney's information of. escape from the Iowa State Penitentiary at Fort Madison, Iowa, by leaving prison farm No. 3. On October 29, 1965, attorney Joseph L. Phelan, a practicing attorney in Fort Madison for the past 20 years, was appointed to defend. On the same date defendant was arraigned, waived time of entering a plea, pled guilty as charged, waived time of sentencing and requested that sentence be pronounced immediately.

Defendant then asked leave to make a statement which was granted. Immediately thereafter defendant was sentenced to the mandatory five years in the penitentiary to commence upon the expiration of defendant's present sentence, Code, 1966, section 745.1. We have examined defendant's statement and the statement of his attorney, which, with the foregoing facts of arraignment and plea, constitute the printed record. We find no cause for reversal.

Defendant timely filed notice of appeal, pro se, and also filed application to proceed *in forma pauperis* and for appointment of attorney. The application was granted.

Mr. Phelan was again appointed to represent defendant. He filed a professional statement reciting that after he was appointed to represent defendant he had opportunity for consultation at length. He explored all possibilities for defense of the defendant at the time, since being appointed to aid in the appeal he has reviewed the record and it is his professional opinion that the defendant has no meritorious appeal. The record was then prepared and submitted without written or oral argument. Copy of the record, which includes counsel's professional statement, was forwarded to defendant. No objection to this procedure has been brought to our attention.

The sole unusual circumstance in this record is defendant's statement to the court explaining his motives for leaving the prison farm (worry about his wife) and the additional assertion that "from the time I left the farm until I got to Quincy, Illinois, I didn't even know what I was doing or where I was at." Counsel had sufficient time with his client to explore this statement as a grounds for defense. He affirmatively states that he explored all possibilities of defense at that time.

"A plea of guilty is an implied admission of accused's sanity; and the court's action in accepting the plea is necessarily an affirmation of its belief in defendant's sanity." 22 C. J. S., Criminal Law, section 424(5), page 1197.

"There is no showing of any irregularity in the proceedings. No undue influence, misrepresentation, fear or intimidation is claimed, and appellant makes no charge that he was not represented by able and effective counsel. Under the state of this record, regularity and not irregularity is presumed. The rule is well established in this jurisdiction that we presume the regularity of actions by officials and courts unless the contrary is made to appear. [cases cited] We must assume the court determined that defendant's plea was made freely and without undue influence, as nothing else remained to be determined." State v. Meyers, 256 Iowa 801, 803, 129 N.W.2d 88.

The record as submitted to this court does not affirmatively show that defendant was notified of counsel's action in filing his professional statement. That information was secured by us by independent inquiry. Where such professional state-

ments are filed, the record certified to this court should affirmatively show that defendant has received notice of such action, the contents of the lawyer's statement and what further action, if any, was taken or requested.

Our examination of the clerk's transcript discloses absence of names of witnesses and minutes of evidence required to be filed with information. Code, 1966, section 769.4. While irregularities in the information are waived by the plea of guilty, State v. McCoy, 249 Iowa 1272, 92 N.W.2d 146, and we so hold here, such failure to comply with the plain mandate of the statute is not to be considered condoned by this decision.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.