STATE of Iowa, Appellee,

v.

Roger Duane HELLICKSON, Appellant.

No. 52951.

Supreme Court of Iowa.

Nov. 12, 1968.

defendant entered a plea of guilty, was sentenced to imprisonment in the Dallas County Jail for six months, later moved for arrest of judgment, and from trial court's ruling adverse to defendant on that motion, he appeals. We affirm.

The information filed September 30, 1967, charged defendant with breaking and entering Mary's Lounge, Woodward, Iowa, in violation of section 708.8, Code, 1966.

October 30, 1967, defendant appeared in court with retained counsel, waived arraignment, time to plead, and for sentence, then entered a written plea of guilty to the offense charged.

Among others the following questions were thereupon put by trial court to which defendant gave these answers:

"THE COURT: Do you know the maximum penalty for this crime, which could be not to exceed ten years at the State Reformatory or penitentiary? MR. HELLICKSON: Yes, sir.

"THE COURT: Under our law; you have been advised of that? MR. HELLICKSON: Yes, sir.

"THE COURT: Have any threats been made to you or any promises made to you to induce you to enter a plea of guilty to this charge, Mr. Hellickson? MR. HELLICKSON: No, sir.

"THE COURT: You are aware of the fact that you have a right to plead not guilty; that you would be given a speedy trial before a jury and be represented by your attorney, if you want to do that? MR. HELLICKSON: Yes, sir."

Judgment of conviction was then entered.

November 20, 1967, with aid of court appointed counsel, defendant appeared before the sentencing judge and orally moved for arrest of judgment. In so doing he also asked leave of court to withdraw his guilty plea and permission to plead not guilty.

Defendant was the only witness called to testify with regard to his motion. His

Doran, Doran, Doran & Courter, by L. W. Courter, Boone, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and James E. Van Werden, County Atty., Adel, for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with the crime of breaking and entering,

testimony, is in substance, that subsequent to arrest he was confined alone in an upstairs cell in the Dallas County Jail for six days, and while there was told by the sheriff and deputy that if he cooperated and signed something, they would take him downstairs to be with the other fellows; someone told him by cooperating he would be permitted to enter the armed services; he was in fact allowed to take preparatory physical and mental examinations but found to be overweight; that the sheriff said, " * * * if you were to cooperate that there would be leniency involved in regards to a bench parole"; he signed some statement but denied ever admitting guilt of the offense charged; his retained attorney instructed him, at time of sentencing, to answer in the negative when questioned as to whether any promises had been made to him; at time of arraignment and sentencing he was confused and did not know a guilty plea was being entered.

Trial court found defendant to be a person of normal intelligence, the sentence could have been more severe, and the record as a whole reveals no good and sufficient basis upon which to arrest judgment.

I. The state moved for dismissal of this appeal on the ground an adjudication upon a motion in arrest of judgment is not an appealable order. We directed submission of that motion with the appeal. It will be accordingly considered.

Section 788.1, Code, 1966, provides: " 'Motion in arrest' defined—grounds. A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty, and shall be granted when upon the whole record no legal judgment can be pronounced."

Section 788.2, Code, 1966, was repealed by section 255, chapter 400, Acts of the Sixty-Second General Assembly, and the following enacted in lieu thereof: "The motion may be made at any time before or within ninety days after judgment." De-

fendant's motion in arrest was filed within the aforesaid statutory period.

It is apparent we are not here concerned with the matter of right to appeal from an adjudication upon a pre-sentence motion for arrest of judgment. In that regard see State v. Davis, 47 Iowa 634; State v. Alverson, 105 Iowa 152, 74 N.W. 770; and Annos. 98 A.L.R.2d 737, 741.

Actually, the issue here presented is whether an appeal lies from a post-sentence arrest of judgment order.

Section 793.2, Code, 1966, states: *"Time of taking—from final judgment only.* An appeal can only be taken from the final judgment, and within sixty days thereafter."

We had occasion to construe that statute in State v. Klinger, 259 Iowa 381, 144 N.W. 2d 150. There, defendant attempted to appeal from a pretrial order overruling his motion to suppress certain evidence. Holding it was not an appealable adjudication this court said in part, loc. cit., 259 Iowa 383, 144 N.W.2d 151: " 'Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal "when it terminates the litigation on the merits" and "leaves nothing to be done but to enforce by execution what has been determined." [citations].' Berman v. United States (Hughes, Ch. J.), 302 U.S. 211, 212, 213, 58 S.Ct. 164, 166, 82 L.Ed. 204, 205. To like effect is Northern v. United States, 6 Cir.,Tenn., 300 F.2d 131, 132."

But Klinger, supra, correct as it is, does not reach the questions presented in the case at bar and is not here determinative.

Of course, an appeal may be taken from final judgment in a criminal case, or it can be waived. And if appeal is taken from final judgment no further proceedings can thereafter be initiated in the trial court. State v. Young, 255 Iowa 447, 450, 122 N.W.2d 847.

■ Furthermore no appeal lies from an order denying an arrest of judgment motion on a ground which could have been reviewed on appeal from the judgment. See People v. Thomas, 52 Cal.2d 521, 342 P.2d 889, 892.

In the instant case defendant chose not to appeal from sentence, electing to exercise his statutory right to later seek arrest of judgment upon the premise his guilty plea was not knowingly and voluntarily entered. This, if true, did not appear on the record.

Under these circumstances the judgment left something more which could be done other than to enforce its execution.

■ Admittedly, some authorities hold, and we agree that as a general rule, in the absence of a permissive statute, and there is none in this jurisdiction, an order entered upon a motion in arrest of judgment is not appealable. See 24 C.J.S. Criminal Law § 1651, page 1011, and section 1654, page 1014. This means that ordinarily where the grounds for the motion in arrest of judgment appeared in the record at time final judgment was entered no appeal lies from a ruling on the motion. However, as there disclosed, the foregoing rule is subject to some exceptions.

For example several courts have held a post-sentence adjudication on such a motion, based upon a claim the judgment is void or unauthorized, is appealable. State v. Pill, 5 Ariz.App. 277, 425 P.2d 588, 589; People v. Thomas, 52 Cal.2d 521, 342 P.2d 889, 893; and State v. Alm, 261 Minn. 238, 111 N.W. 2d 517, 519.

■ In the same vein, it has also been held appeal may be taken from an order entered pursuant to post-sentence motions serving substantially the same purpose as one in arrest of judgment where the grounds of that motion would not appear on the record had appeal been taken from the judgment imposing sentence. See in this regard People v. Thomas, supra; People v. Zolotoff, 48 Cal.App.2d 360, 119 P.2d

745, 747; People v. Miller, 140 Cal.App. 241, 35 P.2d 229, 230; and Ard v. State, Fla., 108 So.2d 42, 45.

As heretofore disclosed that is the precise situation presented in the case now before us. Stated otherwise an appeal by defendant from judgment imposing sentence would have been an exercise in futility.

■ We now subscribe to those exceptions to the general rule above set forth. This inferentially means a defendant may, by motion in arrest of judgment, with the aid of extrinsic evidence, establish a violation of constitutional or fundamental rights which are not apparent but inhere in the whole record, as a result of which no legal judgment could be pronounced.

■ Lending some degree of cogency to this view is State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255. That case involved an unchallenged appeal by defendant from adverse ruling by trial court on defendant's post-sentence motion in arrest of judgment. In affirming we said, loc. cit., 253 Iowa 106, 111 N.W.2d 256: "Where a right of review is given a person accused of a crime by statute, such a right is substantial and the accused therein may challenge his conviction as having been obtained by duress, coercion, fraud or undue influence."

Resultantly the state's motion to dismiss defendant's appeal is hereby overruled.

■ II. Incidentally that does not open the door to successive appeals.

A defendant may not move for arrest of judgment, appeal from an adverse adjudication thereon, and upon affirmance later seek relief by habeas corpus on the same grounds previously asserted. See section 663.1(4), Code, 1966; Harms v. Bennett, 256 Iowa 1320, 1322–1323, 130 N.W.2d 734; Kotek v. Bennett, 255 Iowa 984, 986–987, 124 N.W.2d 710; and State v. Pill, 5 Ariz. App. 277, 425 P.2d 588, 589.

■ III. In support of the claim trial court erred in overruling his motion de-

fendant asserts, inter alia, his plea of guilty was based on an involuntary confession and the plea is accordingly tainted.

Apparently defendant alludes to some pre-arraignment written statement given by him, but a search of the whole record fails to disclose existence of any such document. It was never presented or mentioned at time the guilty plea was entered. Neither was it produced or seen by trial court or anyone else at time of hearing on defendant's arrest of judgment motion.

So this court is now asked to speculate upon the content of some conjectural document. We do not propose to so do.

Moreover, the record discloses that at time of hearing on the subject motion defendant stated, to the best of his knowledge, no paper had ever been signed by him admitting he was guilty of the crime charged.

Just as in State v. Kulish, Iowa, 148 N. W.2d 428, 432, it is apparent trial court based its judgment in the case at bar on defendant's guilty plea, not on any purported statement or confession.

We find neither relevancy nor merit in the aforesaid claim.

IV. However, defendant also contends his guilty plea was involuntary, having been entered by him as a result of undue influence or coercion.

It is, of course, understood that if, upon the whole record, a plea of guilty was not voluntarily entered, having been procured by undue influence, coercion or fraud, no valid judgment may thereupon be entered. State v. Rife, Iowa, 149 N.W.2d 846, 848.

Also on that subject this court said in State v. Kulish, supra: "A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself."

V. Be that as it may our task on this appeal is to determine only whether there is substantial evidence supporting the findings and conclusion reached by the trial court. See State v. Bastedo, supra, loc. cit., 253 Iowa 107, 111 N.W.2d 255. This review is accordingly limited.

As previously revealed, the state offered no evidence in resistance to the arrest of judgment motion. But this does not mean defendant's testimony stands alone or uncontroverted.

At the outset, we presume regularity of proceedings by all public officers and courts unless the contrary is made to appear. Section 622.56, Code, 1966, and State v. Snook, Iowa, 146 N.W.2d 252, 254.

And, as aforesaid the record discloses, at time of sentence defendant affirmatively acknowledged there had been no threats or promises made which induced him to so plead. It thus becomes apparent defendant was willing to falsify when to his advantage.

Upon the basis of the foregoing alone, trial court's order overruling defendant's motion in arrest of judgment finds substantial support in the record.

VI. It is also evident there is no merit in the claim made by defendant to the effect he was coerced into pleading guilty.

Actually most, if not all, of the matters asserted by him, supra, elicited for the most part by leading questions, relate to a suggested statement by him while confined in jail.

Had defendant confessed guilt to the sheriff or anyone else in authority, as the result of any promises, threats or inducements allegedly made while he was so restrained, that confession would undoubtedly have been subject to suppression on proper motion. But at no time did defendant even infer his ultimate guilty plea was

induced by any claimed statements or representations made to him while incarcerated. His guilty plea was clearly entered on advice of retained counsel, not as the result of urging or inducement by any public officer.

This court dealt with a similar situation in State v. Rife, Iowa, 149 N.W.2d 846, 848, and there said: "The decision how to plead, of course, is one for the defendant. The ultimate decision must be his, but of course before he can do so intelligently he is entitled to advice on the law of the crime charged and enlightened on the probable outcome of the trial, as well as the punishment he may receive. Since the plea of guilty effectively waives all defenses and objections, inadequacy of advice at the pleading stage cannot be later cured. An experienced appraisal of the available evidence frequently indicates that the chance of a successful defense is negligible. A defense attorney may then be serving his client best by advising him to plead guilty and strive for the most lenient treatment possible. To counsel this strategy is not to advise inadequately even if the expectation of leniency is subsequently disappointing. Monroe v. Huff, 79 U.S.App.D.C. 246, 145 F.2d 249." See also Herold v. Haugh, 259 Iowa 667, 672–674, 145 N.W.2d 657, and State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N.W.2d 691, 695–696.

We are satisfied trial court's order overruling defendant's motion is supported by substantial evidence.

 VII. Even though defendant's motion be deemed an application for leave to withdraw his guilty plea, the rule is clear that if an accused, with full knowledge of the charge against him, and of his rights and consequences of a plea of guilty, then enters such a plea, the court may, absent abuse of discretion, refuse to permit its withdrawal. See in this regard section 777.15, Code, 1966; State v. Krana, Iowa, 159 N.W.2d 413, 416; and State v. Machovec, 236 Iowa 377, 380–383, 17 N.W.2d 843.

 In any event, defendant's motion in arrest of judgment, having been properly overruled, it follows any application for leave to withdraw his guilty plea must be deemed not timely. See section 777.15, Code, 1966, and State v. Rinehart, 255 Iowa 1132, 1137, 125 N.W.2d 242, and citations.

Here again we find no reversible error on the part of trial court in overruling defendant's motion, however it may be construed.

Affirmed.

All Justices concur, except BECKER, J., who concurs specially.

BECKER, Justice (concurring specially.)

I concur in the result.

Division II of the majority opinion is unnecessary. In light of the penchant of federal courts to reexamine prior proceedings in criminal cases in depth, Division II is ill-advised. We have recently quoted Sewell v. Lainson, 244 Iowa 555, 566, 57 N.W.2d 556, 562 with approval:

"Since the federal courts have announced the principle that in habeas corpus proceedings they will examine the records and will go behind the records in courts of the various states to determine whether the petitioner's rights under the constitution of the United States have been denied him and so lack of jurisdiction in the state court appears, we think it incumbent upon us to make the same examination for ourselves."

No determination of the scope of habeas corpus proceedings should be attempted here. This is especially true in light of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837.

I would therefore delete Division II of the majority opinion.